STATE of Minnesota, Respondent,

v.

Pamela Faye DALBEC, Appellant.

No. C8–98–1626.

Court of Appeals of Minnesota.

May 18, 1999.

Mike Hatch, Attorney General, St. Paul, MN and James C. Backstrom, Dakota County Attorney, Catherine A. Twitero, Assistant County Attorney, Hastings, MN, for respondent.

Steven P. Russett, Assistant State Public Defender, Minneapolis, MN, for appellant.

Considered and decided by LANSING, Presiding Judge, KALITOWSKI, Judge, and HARTEN, Judge.

## OPINION

HARTEN, Judge.

Appellant challenges the district court's sentencing restitution order that she repay $4,025 following her conviction of two counts of welfare fraud. We affirm the district court decision not to reduce restitution by unpaid child support, but we reverse and remand its restitution order in other respects and grant appellant's motion to strike appendices B and D from respondent's brief.

## FACTS

In July and August of 1996, and from October 1996 to February 1997, appellant

Pamela Faye Dalbec received $621 monthly in Aid to Families with Dependent Children (AFDC) and $310 or $328 monthly in food stamp benefits from Dakota County Community Services. The county received $2,288.40 in child support payments from the child support obligor, $300 of which it passed through to appellant.

Appellant was employed part of the time she was receiving benefits but she did not report her income to the county, as required. The county determined that appellant was overpaid $2,136 in AFDC and $1,889 in food stamps, a combined total of $4,025. She was charged with two counts of welfare fraud pursuant to Minn.Stat. § 256.98, subd. 1 (1996) (wrongfully obtaining AFDC benefits), and Minn.Stat. § 393.07, subd. 10(c) (Supp.1997) (wrongfully obtaining food stamps). Following a bench trial, appellant was found guilty as charged. The district court stayed imposition of sentence and ordered appellant to serve five years' probation on various conditions, one of which was that she pay $4,025 in restitution. Appellant contests the calculation of restitution.

### ISSUES

1. Did the district court err by including AFDC overpayments as income in determining food stamp restitution?

2. Did the district court err by failing to reduce the amount of AFDC restitution by overdue and unpaid child support payments?

3. Should appellant's motion to strike be granted?

### ANALYSIS

■ When computing restitution, the district court must consider:

(1) the amount of economic loss sustained by the victim as a result of the offense; and

(2) the income, resources, and obligations of the defendant.

Minn.Stat. § 611A.045, subd. 1 (1998). The amount should be based on the victim's injury. *State v. Harvey*, 547 N.W.2d 706, 708–09 (Minn.App.1996), review denied (Minn. Aug. 6, 1996). The amount of public assistance incorrectly paid is

the difference between the amount of assistance actually received on the basis of misrepresented or concealed facts and the amount to which the recipient would have been entitled had the specific concealment or misrepresentation not occurred.

Minn.Stat. § 256.98, subd. 3 (1998). Minn. Stat. § 256.98 subd. 4 (1998), provides for recovery of that amount "as a debt due the county or the state * * *," which is also the proper restitution figure. *Harvey*, 547 N.W.2d at 709.

### 1. Food Stamp Restitution

■ Appellant argues (and respondent agrees) that the district court erred in its calculation of the food stamp restitution amount because it included as income the AFDC overpayments that appellant must now repay. Appellant is correct:

[I]n calculating food stamp overallotment under Minn.Stat. § 256.98, subd. 3, the AFDC overpayments during that period, which now must be repaid in restitution, should not be considered part of the recipient's "unearned income."

*Id.* at 710. When appellant's income, consisting of AFDC payments and income from her unreported job, is considered, appellant received an overallotment of food stamps. But when the AFDC overpayment is deleted from the calculations as per *Harvey*, appellant would have received even more food stamps had she not engaged in welfare fraud.

The district court's restitution award of $1,889 for food stamp overpayment is reversed and remanded for redetermination under *Harvey*.

### 2. AFDC Restitution

■ Minn.Stat. § 256.741, subd. 2 (1996), required appellant to assign to the county her child support rights in order to

obtain AFDC benefits. She did so, and the child support obligor (the children's father) made only part of his payments. The payments received were duly credited to appellant's restitution obligation. Appellant now argues that the unpaid child support payments should also be credited against her restitution amount because they were also assigned to the county.

There is no precedent for reducing restitution by unpaid child support. Minn.Stat. § 256.98, subd. 3, provides that:

> The amount of the assistance incorrectly paid under this section is the difference between the amount of assistance actually received on the basis of misrepresented or concealed facts and the amount to which the recipient would have been entitled had the specific concealment or misrepresentation not occurred.

Because appellant was not entitled to assistance, she must return all the money she received, less the child support received by the county from the children's father. The child support assigned and owed, but not paid, to the county has not yet offset the assistance appellant fraudulently received and therefore does not reduce her restitution obligation. Minn.Stat. § 256.98 provides that the amount of money actually received must be restored; it does not reduce restitution by unpaid assigned amounts.

Because the plain language of Minn.Stat. § 256.98 requires restitution of all money fraudulently received, and because there is no precedent for reducing restitution by assigned but unpaid child support, we agree with the district court that the unpaid child support cannot reduce appellant's restitution obligation.

### 3.  Motion to Strike

 Appellant moved to strike from respondent's brief appendices B and D, both of which contained recalculation figures for appellant's restitution obligation, and neither of which was presented to the district court. An appendix to a brief may contain only portions of the record, Minn. R. Civ.App. P. 130.01, and the record on appeal is only "[t]he papers filed in the trial court, the exhibits, and the transcript of the proceedings * * *." Minn. R. Civ. App. P. 110.01. We will not consider matters not received in evidence below, *Thiele v. Stich*, 425 N.W.2d 580, 583 (Minn.1988), and will strike documents in a brief that are not part of the appellate record. *Fabio v. Bellomo*, 489 N.W.2d 241, 246, *aff'd* 504 N.W.2d 758 (Minn.1993). We therefore grant appellant's motion and strike appendices B and D.

### DECISION

We reverse and remand the district court's restitution order because it included fraudulently received AFDC as income in determining food stamp overallotment. We affirm the district court refusal to offset the amount of restitution by unpaid child support, there being no authority to support such offset. We grant appellant's motion to strike appendices B and D of appellant's brief as not part of the appellate record.

**Affirmed in part and reversed in part; motion granted.**