STATE OF MINNESOTA

IN SUPREME COURT

A14-2210

Becker County                                                    Dietzen, J.
                                                       Took no part, Hudson, J.

State of Minnesota,

                    Respondent,

vs.                                                    Filed: December 9, 2015
                                                       Office of Appellate Courts

Kenneth E. Andersen,

                    Appellant.

_____

Lori Swanson, Attorney General, Angela Helseth Kiese, Assistant Attorney General, Saint Paul, Minnesota; and

Gretchen D. Thilmony, Becker County Attorney, Detroit Lakes, Minnesota, for respondent.

Kenneth Eugene Andersen, Rush City, Minnesota, pro se.

_____

S Y L L A B U S

1.      The district court did not abuse its discretion when it ordered appellant to pay restitution 6 years after his conviction for first-degree premeditated murder.

2.      A motion filed in appellant's criminal case was not the proper procedural vehicle to obtain review of the administrative actions of the Department of Corrections.

3.      The district court did not err in denying appellant's motion for appointment of counsel.

1

Affirmed as modified.

Considered and decided by the court without oral argument.

O P I N I O N

DIETZEN, Justice.

This case presents the issue of whether the district court abused its discretion when, 6 years after his conviction, it ordered appellant Kenneth Andersen to pay restitution under Minn. Stat. §§ 611A.04-.045 (2014). In June 2008 Andersen was convicted of first-degree premeditated murder, Minn. Stat. § 609.185(a)(1) (2014), for the killing of Chad Swedberg. At the sentencing hearing, the court sentenced Andersen to life in prison without the possibility of release and reserved the issue of restitution for 30 days. The State timely filed and served a request for restitution, but the court took no further action on the restitution issue. On direct appeal, we affirmed Andersen's conviction. *State v. Andersen*, 784 N.W.2d 320 (Minn. 2010). Andersen then brought a petition for postconviction relief that the district court summarily denied, and we affirmed on appeal. *Andersen v. State*, 830 N.W.2d 1 (Minn. 2013). In October 2014 the district court granted the restitution request and ordered Andersen to pay $6,500 in restitution. We affirm the district court's restitution order as modified.

On the morning of April 13, 2007, Chad Swedberg was shot to death at a syruping camp in Becker County. Following a police investigation, Kenneth Andersen was indicted by a grand jury for first-degree premeditated murder, Minn. Stat.

2

§ 609.185(a)(1), in connection with Swedberg's death. The State presented evidence that Andersen was responsible for the murder, and the jury found him guilty.[1]

At the sentencing hearing in June 2008, the State requested that the court reserve the issue of restitution to allow the victim and the Crime Victims Reparations Board to submit their restitution requests. Andersen opposed the motion.[2] The court sentenced Andersen to life in prison without the possibility of release and reserved the issue of restitution for 30 days.

The State timely served and filed a request for restitution and a supporting affidavit from the Crime Victims Reparations Board. The request sought restitution of $6,500 for Swedberg's funeral expenses. Andersen did not respond or object to the request within the 30 days provided by statute.[3] The district court did not rule on the restitution request or order Andersen to pay restitution at that time. Neither Andersen nor the State addressed the issue of restitution in Andersen's direct appeal or postconviction proceeding.

---

[1] A more detailed description of the facts underlying Andersen's conviction can be found in *State v. Andersen,* 784 N.W.2d 320 (Minn. 2010), and *Andersen v. State,* 830 N.W.2d 1 (Minn. 2013).

[2] At the sentencing hearing, Andersen was represented by his trial attorney. On June 18, 2008, a new attorney filed a motion for a new trial on Andersen's behalf. But the new attorney did not file a certificate of representation or notice of substitution of counsel. Moreover, the trial attorney did not file a motion to withdraw.

[3] Upon service of the request, Andersen had 30 days to object and obtain a restitution hearing. Minn. Stat. § 611A.045, subd. 3(b) (2014). Because the State served the restitution request by mail, three days were added to the 30-day time limit provided in the statute. *See* Minn. R. Crim. P. 34.04.

3

In May 2014 the Department of Corrections (DOC) notified Andersen that he owed $6,500 in court-ordered restitution, and Andersen alleges the DOC began garnishing his prison accounts the next day. Andersen filed a motion in his criminal case to resolve the issue of restitution, arguing that the district court did not order him to pay restitution and requesting that the DOC return the money taken. Andersen also filed a motion requesting appointment of counsel to assist him in his motion. The court denied Andersen's motion for appointment of counsel and, in October 2014, denied his motion to stop the restitution payments and return the funds taken. The district court concluded that Andersen had been properly served with the restitution request and had failed to object to it within the time permitted by Minn. Stat. § 611A.045, subd. 3(b). The court therefore ordered Andersen to pay the restitution requested by the Crime Victims Reparations Board.[4] We conclude that the district court had the authority to order restitution and that the court properly denied Andersen's motion to return the funds taken. Because we reach the latter conclusion on the alternative ground that the motion to return the funds taken was not properly before the district court, we affirm as modified.

Andersen argues on appeal that the district court (1) lacked the statutory authority to order him to pay restitution; (2) by ordering restitution, violated his right to due process under the U.S. and Minnesota Constitutions; and (3) erred when it denied his motion to appoint an attorney to assist him in his motion to resolve the issue of restitution. We address each argument in turn.

---

[4] In December 2014, the district court denied Andersen's motion for reconsideration of the October 2014 restitution order.

## I.

First, Andersen argues that the court lacked statutory authority to order restitution, both because the State failed to validly serve the request for restitution upon him and because the restitution order was not timely.  We will first review the relevant law and then apply those principles to the issues before us.

A district court has broad discretion to award restitution, and the district court's order will not be reversed absent an abuse of that discretion.  *State v. Tenerelli,* 598 N.W.2d 668, 671-72 (Minn. 1999).  The district court's factual findings will not be disturbed unless they are clearly erroneous.  *Dobbins v. State*, 788 N.W.2d 719, 725 (Minn. 2010).  But questions concerning the authority of the district court to order restitution are questions of law subject to de novo review.  *See State v. Pflepsen*, 590 N.W.2d 759, 763 (Minn. 1999).

Minnesota law allows victims to request restitution from convicted offenders for losses sustained as a result of a crime.  Minn. Stat. § 611A.04, subd. 1.  To obtain restitution, a victim must submit information to the court describing the loss attributable to the crime, including the total dollar amount of restitution requested.  *Id*.  The Crime Victims Reparations Board may also request restitution on behalf of victims.  Minn. Stat. § 611A.04, subd. 1a. When the Board has paid reparations on a victim's behalf, this information may be submitted to the court through the filing of a copy of a Board payment order, and a copy of the payment order must be provided to the offender or the offender's attorney. *Id.*

An offender may challenge a restitution request, but must do so by requesting a hearing in writing within 30 days of receiving notification of the request or within 30 days of sentencing, whichever is later. Minn. Stat. § 611A.045, subd. 3(b). An offender may not challenge the restitution request after the 30-day deadline has passed. *Id.* The court may grant, partially grant, or deny a restitution request at the sentencing hearing, or after the sentencing hearing if certain conditions are fulfilled. Minn. Stat. § 611A.04, subd. 1(a)-(b).

The procedure for service of a restitution request is governed by Minn. R. Crim. P. 33. The Rule requires that notice of a restitution request be served upon each party, Minn. R. Crim. P. 33.01, and requires that if a party is represented, service be made upon the party's attorney, Minn. R. Crim. P. 33.02. Minnesota General Rule of Practice 703 governs the procedure for effecting a change of attorney in a criminal case. An attorney may not withdraw from a criminal case until all the proceedings are complete except upon court approval of a written motion to withdraw or to substitute counsel. Minn. Gen. R. Prac. 703. Further, a lawyer representing a defendant must file a certificate of representation with the court upon first appearance. *Id.*

## A.

Andersen argues that because the restitution request was not properly served, the district court lacked authority to order restitution. According to Andersen, the State's service of the restitution request was not effective upon either his attorney or himself.

In its October 2014 restitution order, the district court concluded that the State's service of the request upon Andersen's trial attorney was effective to give Andersen

6

notice.  *See* Minn. Stat. § 611A.045 subd. 3(b) (2012) ("Notice [of a restitution request] to the offender's attorney is deemed notice to the offender.").[5]  When it denied Andersen's motion for reconsideration, the court revised its reasoning and concluded that Andersen's trial attorney had withdrawn from the case, but "regardless of whom the Defendant's counsel was at the time," Andersen had notice because he was personally served with the request.

We conclude that the State properly served Andersen's trial attorney with the request for restitution.  The record confirms that his trial attorney did not withdraw from the case as required by Minn. Gen. R. Prac. 703, nor did Andersen's new attorney submit a certificate of representation.  Further, the new attorney's submissions to the court expressly limited the scope of his representation to arguing a single motion for a new trial.  The State properly served the restitution request on Andersen's attorney of record, giving Andersen notice under the statute.[6]

## B.

Andersen next argues that the district court did not have the statutory authority to order him to pay restitution because 6 years had passed following his conviction.  Minnesota Statutes chapter 611A does not set a deadline for the district court to exercise its authority to order restitution in this situation.  Instead, Minn. Stat. § 611A.04, subd.

---

[5]     A 2014 amendment removed this sentence from the statute.  Act of May 13, 2014, ch. 245, § 2, 2014 Minn. Laws 807, 808.

[6]     Because the State served the request upon Andersen's attorney of record, we need not address Andersen's argument that service upon a defendant personally is ineffective when that defendant is represented by counsel.

7

1(b), sets forth three conditions that must be fulfilled for a district court to order restitution after a sentencing hearing. The statute provides that the court may "issue an order of restitution after the sentencing . . . hearing if: (1) the offender is on probation, committed to the commissioner of corrections, or on supervised release; (2) sufficient evidence of a right to restitution has been submitted; and (3) the true extent of the victim's loss or the loss of the Crime Victims Reparations Board was not known at the time of the sentencing . . . hearing[.]" Minn. Stat. § 611A.04, subd. 1(b).

Here, the three conditions are satisfied. First, Andersen is sentenced to life in prison without the possibility of release. Second, the affidavits from the Board constitute sufficient evidence establishing a right to restitution. Third, at the time of the sentencing hearing, the affidavits had not yet been submitted. Accordingly, the court had the statutory authority to issue a restitution order after the sentencing hearing.[7] *See State v. Johnson*, 851 N.W.2d 60, 63, 66 (Minn. 2014) (affirming a restitution order issued 8 years after defendant's sentencing hearing).

We conclude that the district court had statutory authority to order restitution and that notice of the restitution request was properly served upon Andersen's attorney of

---

[7] Although the court's restitution order was not issued promptly, the Board's request for restitution was submitted and served upon the defendant within the 30-day timeline set by the court at the sentencing hearing.

8

record. We therefore hold that the district court did not abuse its discretion in granting the request and ordering restitution.[8]

## C.

Andersen also argues that the money taken from his prison wages and account prior to the issuance of the restitution order was taken unlawfully, and urges us to order that any unlawfully taken money be returned. To obtain this relief, Andersen brought a motion in his criminal case requesting that the district court order the Department of Corrections to return the funds. However, a motion in a criminal case is not the proper procedural vehicle to seek review of the administrative actions of the DOC. *See State v. Schnagl*, 859 N.W.2d 297, 303 (Minn. 2015) (concluding that a motion filed in a criminal proceeding was not the proper procedure to obtain review of the DOC's actions, as the DOC was not a party). The district court should have denied Andersen's motion to return the funds taken on that basis without reaching its merits. Because the motion was not the correct vehicle to challenge the actions of the DOC, we hold that the motion was properly denied, although on different grounds.

---

[8] Andersen also argues that the court lacked statutory authority to order restitution because (1) clerical errors invalidate the Board's affidavit; (2) the State committed a discovery violation in not obtaining the Board's affidavit sooner; (3) restitution cannot be ordered because money is already deducted from his wages for a state crime victims fund; and (4) he cannot be ordered to pay restitution because he is indigent. We do not consider these arguments further because they do not bear upon the court's statutory authority to grant the restitution request.

II.

Andersen next argues the district court's restitution order violated his due process right "to finality of a sentence" under the U.S. and Minnesota Constitutions. Andersen cites no authority and provides no further argument to support this assertion. "An assignment of error based on mere assertion and not supported by any argument or authorities in appellant's brief is waived and will not be considered on appeal unless prejudicial error is obvious on mere inspection." *State v. Yang*, 774 N.W.2d 539, 552 (Minn. 2009) (quoting *Schoepke v. Alexander Smith & Sons Carpet Co.*, 290 Minn. 518, 519-20, 187 N.W.2d 133, 135 (1971)). As this issue was not adequately briefed and no prejudicial error is "obvious on mere inspection," we will not consider Andersen's due process argument.

III.

Finally, Andersen argues that the district court violated his right to counsel under the U.S. and Minnesota Constitutions when it denied his motion for an appointed attorney to assist him with his motion to resolve the restitution issue.[9] The right to counsel is rooted in the Sixth Amendment to the U.S. Constitution and Article I, section 6 of the

---

[9] Andersen also contends that his right to counsel was violated when the State served the restitution request upon his trial attorney, who Andersen claims was no longer his attorney of record. As we have concluded that service upon Andersen's trial attorney was proper, we need not consider whether such a claim has legal merit.

Minnesota Constitution.[10]  "We review de novo a lower court's ruling on constitutional questions." *State v. Weigand*, 645 N.W.2d 125, 129 (Minn. 2002).

Andersen's argument relies on *State v. Maddox*, 825 N.W.2d 140 (Minn. App. 2013), in which the court of appeals held that a defendant has the right to counsel at a restitution hearing.  Andersen's reliance is misplaced.  His motion to resolve the restitution issue, filed 6 years after the statutory deadline to request a restitution hearing had passed, was not a restitution hearing.  Even if a defendant has the right to counsel at a restitution hearing, which is a question we need not and do not decide here, Andersen was not entitled to an attorney to assist him in arguing his motion to the district court.

In sum, we conclude that the district court acted within its statutory authority and did not abuse its discretion in ordering Andersen to pay $6,500 in restitution, but that the court should not have ruled on the merits of Andersen's request to return the funds taken from his prison account.  We also conclude that the district court did not err in denying Andersen's motion for appointment of counsel.

Affirmed as modified.

HUDSON, J., not having been a member of this court at the time of submission, took no part in the consideration or decision of this case.

---

[10]  The U.S. Constitution guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence."  The Minnesota Constitution guarantees that "[i]n all criminal prosecutions the accused . . . shall enjoy the right . . . to have the assistance of counsel in his defense."