SCHELLHAS, Judge
Appellant challenges a postconviction court's denial of relief regarding a district court's denial of a restitution hearing following appellant's timely request for a hearing. We reverse the postconviction court's order, vacate the district court's amended restitution order, and remand to the district court to schedule a restitution hearing.
FACTS
Respondent State of Minnesota charged appellant Rico Howard with second-degree murder in connection with a murder committed on August 15, 2014. Howard pleaded guilty, and, on June 1, 2015, the district court sentenced him to 363 months' imprisonment *597 and reserved the issue of restitution, as allowed by Minn. Stat. § 611A.04, subd. 1(a) (2014).
On July 28, 2015, the district court filed a one-page order entitled "Restitution Findings and Order." In it, the court awarded restitution of $14,817 as follows: $7,408.50 to the victim's fiancé, D.F.; and $7,408.50 to the Minnesota Crime Victims Reparation Board (CVRB). The order contains no mention of Howard's ability to pay restitution or the court's consideration of the same.
On August 26, 2015, Howard filed a request for a restitution hearing with the court administrator, along with an affidavit in which he challenged the restitution awards to D.F. and the CVRB, arguing that his "income and resources may be insufficient, under the law, to grant restitution in the amount claimed" because of the length of his incarceration and eligibility for the services of a public defender. The district court did not schedule a restitution hearing.
On January 8, 2016, without conducting a restitution hearing, the district court amended its restitution order, reducing the total restitution amount to $8,808.50, after decreasing D.F.'s award to $1,400. The record evidence includes an October 7, 2014 receipt from D.F. for the purchase of a $1,400 cemetery headstone and a July 30, 2015 facsimile request from the CVRB, requesting restitution of $7,408.50 for funeral expenses. These amounts total $8,808.50. Howard did not file another request for a restitution hearing following issuance of the amended restitution order.
On January 12, 2017, Howard petitioned for postconviction relief, seeking to vacate the amended restitution order on the bases that "insufficient evidence supports the appropriateness of the restitution, and it was issued without a hearing." The postconviction court summarily denied the petition in its entirety.[1] The court noted that it had reduced the restitution awarded to D.F., that it "did consider [Howard's] ability to pay restitution in its original order," and that it "still had broad discretion in order to award restitution." The court also found that Howard's affidavit challenging restitution "did not challenge the calculation of restitution amount or meet the burden of production required by Minn. Stat. § 611A.045, subd. 3(a)," and that Howard "never challenged the second restitution order until th[e] postconviction motion, which [wa]s far outside the 30-day period established by the statute."
This appeal follows.
ISSUE
Did the postconviction court err by denying Howard postconviction relief on the basis that Howard was not entitled to a restitution hearing under Minn. Stat. § 611A.045, subd. 3(b) ?
ANALYSIS
"We review the summary denial of a petition for postconviction relief for an abuse of discretion." Zornes v. State , 903 N.W.2d 411, 416 (Minn. 2017) (quotation omitted). "When applying this standard, a matter will not be reversed unless the postconviction court ... based its ruling on an erroneous view of the law." Id . (quotation omitted).
"[R]estitution is intended to compensate crime victims for their losses." State v. Rey , 905 N.W.2d 490, 496 (Minn. 2018). In determining whether to order restitution, the district court considers "the amount of economic loss sustained by *598 the victim as a result of the offense" and the "income, resources, and obligations of the defendant." Minn. Stat. § 611A.045, subd. 1(a) (2014). "A district court has broad discretion to order restitution." State v. Andersen , 871 N.W.2d 910, 913 (Minn. 2015).
"An offender may challenge restitution, but must do so by requesting a hearing within 30 days of receiving written notification of the amount of restitution requested." Minn. Stat. § 611A.045, subd. 3(b). "Under Minn. Stat. § 611A.045, subd. 3(a), the offender bears the initial burden of production to challenge a restitution request." State v. Smith , 876 N.W.2d 310, 336 (Minn. 2016). "The timing of that burden is plain and unambiguous." Id. "The affidavit must be served on the prosecuting attorney and the court at least five business days before the hearing." Id. (emphasis and quotation omitted). "[I]f the defendant challenges the restitution amount sought, the statute requires the court to conduct a restitution hearing." State v. Willis , 898 N.W.2d 642, 648 n.8 (Minn. 2017) (citing Minn. Stat. § 611A.045, subd. 3 (2016) ).
The state concedes that Howard met the 30-day requirement by challenging the original restitution order but argues that Howard's "affidavit did not challenge the calculation of the restitution amount or come close to meeting the burden of production required by the statute." Howard argues that the restitution statute does not require an offender to file a detailed affidavit until after the district court grants an offender's request for a hearing. We agree with Howard.
Under the plain language of the statute, an offender is not required to file an affidavit to meet his burden of production until "at least five business days before the hearing." See Minn. Stat. § 611A.045, subd. 3(a) ("The affidavit must be served on the prosecuting attorney and the court at least five business days before the hearing."). Howard's deadline for meeting his burden of production in an affidavit never arose because the district court never scheduled a restitution hearing. The district court therefore could not deny Howard's request for a restitution hearing on the basis that his affidavit did not meet his burden of production.
The state also argues that because Howard did not again request a restitution hearing after the court issued its amended restitution order, he failed to challenge that restitution order and failed to fulfill his statutory obligation. We disagree. Because Howard timely requested a restitution hearing after the district court issued its original restitution order, the district court was required to schedule a restitution hearing. Cf. Willis , 898 N.W.2d at 648 n.8. And the court's failure to do so was not absolved by Howard's failure to file a second challenge to the court's amended restitution order. By not scheduling a restitution hearing after Howard's timely request, the district court abused its discretion. We therefore reverse the order denying Howard postconviction relief, vacate the district court's amended restitution order, and remand for the scheduling of a restitution hearing.
DECISION
Minnesota Statutes section 611A.045, subdivision 3(b), requires a district court to schedule a restitution hearing after an offender timely challenges restitution under subdivision 3. We therefore reverse the postconviction court's denial of relief, vacate the district court's amended restitution order, and remand to the district court to schedule a restitution hearing.
Reversed, vacated, and remanded.

The same district court judge who issued the original and amended restitution orders ruled on Howard's postconviction petition.