*This opinion is nonprecedential except as provided by Minn. R. Civ. App. P. 136.01, subd. 1(c).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A23-0122**

State of Minnesota,
Respondent,

vs.

Joseph John Hall,
Appellant.

**Filed December 4, 2023
Affirmed
Frisch, Judge**

Nobles County District Court
File No. 53-CR-21-264

Keith Ellison, Attorney General, St. Paul, Minnesota; and

Braden Hoefert, Nobles County Attorney, Worthington, Minnesota; and

Travis J. Smith, Special Assistant County Attorney, Slayton, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Charles F. Clippert, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Larkin, Presiding Judge; Johnson, Judge; and Frisch, Judge.

**NONPRECEDENTIAL OPINION**

**FRISCH**, Judge

Appellant challenges the district court's decision not to give a voluntary-intoxication jury instruction and its denial of his motion for a downward dispositional

sentencing departure. Because Hall was not prejudiced by the district court's decision not to give a voluntary-intoxication jury instruction, and the district court did not abuse its discretion by denying Hall's motion for a downward dispositional sentencing departure, we affirm.

**FACTS**

Respondent State of Minnesota charged appellant Joseph John Hall with failure to register as a predatory offender pursuant to Minn. Stat. § 243.166, subd. 5(a)(1) (2020). Following a bench trial, the district court found the following facts.

Hall was required to register as a predatory offender based on a 2006 conviction for second-degree criminal sexual conduct. Minn. Stat. § 243.166, subd. 1b(a)(1)(iii) (2020). In October 2020, Hall became a resident at Unity House, "a 90-day maximum mental illness and chemical dependency treatment facility." While at Unity House, Hall updated his address with law enforcement to reflect that he was living at Unity House. Hall was aware that he would only be permitted to stay at Unity House for 90 days. On January 4, 2021, Hall was discharged from Unity House to a hotel.

On January 8, the Unity House treatment director requested that police conduct a welfare check on Hall at the hotel because of concerns that Hall had been drinking heavily. Responding officers located Hall in his hotel room. Officers performed a breathalyzer test, which registered Hall's alcohol concentration at 0.302. An officer asked Hall if he was a predatory offender. Hall confirmed that he was. The officer then asked Hall if he was "on file" as living at the hotel and if he had updated his address. Hall responded, "No, not today." The officer told Hall that when he finished receiving medical treatment, Hall

2

needed to update his address, otherwise Hall would "catch a felony charge for that." Hall responded, "Yes, sir." The officer confirmed that Hall had been staying at the hotel for a few days and that Hall knew that he needed to notify law enforcement "immediately" upon moving. Hall left in an ambulance shortly thereafter.

On January 20, officers conducted another welfare check on Hall in the same room at the hotel. The officers again administered a breathalyzer test, which registered Hall's alcohol concentration at 0.331. Hall was again hospitalized.

Following the second welfare check, Hall was booked into the Nobles County Jail and his address was automatically updated to the jail. But Hall had not registered his address at the hotel while he was living there, and the state charged Hall with failure to register as a predatory offender.

Following his entry of a not guilty plea, Hall gave notice of his intent to rely on a defense of voluntary intoxication. The state moved in limine to preclude a voluntary-intoxication jury instruction, arguing that failure to register as a predatory offender is not a specific-intent crime and therefore Hall was not entitled to a voluntary-intoxication defense. In response, Hall argued that failure to register is a specific-intent crime and that the circumstances of the incident showed that Hall lacked the requisite intent. The district court granted the motion, reasoning that failure-to-register-as-a-predatory-offender offenses are general-intent crimes. Thereafter, Hall waived his right to a jury trial and the district court proceeded with a bench trial. The district court found Hall guilty of failure to register as a predatory offender.

Hall then moved the district court for a dispositional departure from the presumptive and mandatory minimum sentence set forth in the Minnesota Sentencing Guidelines—24 months in prison. Minn. Stat. § 243.166, subd. 5(c) (2020). At the sentencing hearing, the state recommended that the district court impose the presumptive sentence. The state argued that there were no substantial and compelling reasons to depart from the presumptive sentence, pointing to Hall's prior conviction for failure to register as a predatory offender, asserting that Hall failed to register following "ample warning," and arguing that Hall could continue working on his chemical-dependency issues while in prison. Hall argued that a departure was appropriate based on his particular amenability to probation, the nature and circumstances of the offense, his serious and persistent mental illness, and that he would be able to get the health services that he needs if he were on probation. The district court concluded there were no substantial and compelling reasons to depart and imposed a guidelines sentence of 24 months in prison.

Hall appeals.

## DECISION

Hall argues that he is entitled to a new trial because the district court erred by granting the state's motion in limine to preclude a voluntary-intoxication jury instruction. Hall also argues that the district court abused its discretion by denying his motion for a downward dispositional departure at sentencing. In a pro se supplemental brief, Hall asks us to consider certain evidence not in the record. We address each argument in turn.

**I.    Hall was not prejudiced by the refusal to give a voluntary-intoxication jury instruction.**

Hall argues that he is entitled to a new trial because the district court abused its discretion by granting the state's motion in limine precluding Hall's request for a jury instruction regarding voluntary intoxication. Hall specifically argues that the district court erred in determining that failure to register as a predatory offender is a general-intent crime and that a preponderance of the evidence shows his intoxication. We need not decide whether failure to register as a predatory offender is a general- or specific-intent crime, or whether a preponderance of the evidence established a voluntary-intoxication defense, because the district court's pretrial ruling had no impact on the verdict.[1]

The voluntary-intoxication defense provides:

> An act committed while in a state of voluntary intoxication is not less criminal by reason thereof, but when a particular intent or other state of mind is a necessary element to constitute a particular crime, the fact of intoxication may be taken into consideration in determining such intent or state of mind.

Minn. Stat. § 609.075 (2020). A defendant must satisfy their burden of production by providing sufficient evidence of intoxication before a voluntary-intoxication instruction will be given to the jury. *State v. Wilson*, 830 N.W.2d 849, 854 (Minn. 2013). To receive the requested instruction, "(1) the defendant must be charged with a specific-intent crime;

---

[1] Hall does not challenge, and we do not decide, whether the evidence presented at trial was sufficient to show he possessed the intent required to prove a failure to register as a predatory offender in violation of Minn. Stat. § 243.166, subd. 5(a)(1). And Hall does not challenge, and we therefore do not decide, whether Hall's decision to waive his right to a jury trial was invalid based on any error in the district court's pretrial ruling.

(2) there must be evidence sufficient to support a jury finding, by a preponderance of the evidence, that the defendant was intoxicated; and (3) the defendant must offer intoxication as an explanation for his actions." *State v. Torres*, 632 N.W.2d 609, 616 (Minn. 2001). If a district court fails to instruct the jury on voluntary intoxication when such an instruction is warranted, we reverse and remand for a new trial unless we "conclude beyond a reasonable doubt that the omission of the requested jury instruction did not have a significant impact on the verdict." *Wilson*, 830 N.W.2d at 857.

Even if the district court erred in its ruling precluding a voluntary-intoxication jury instruction, Hall thereafter waived his right to a jury trial and consented to a trial before the district court. And Hall does not argue that the district court's ruling on jury instructions had any effect on his decision to waive his right to a jury trial. Accordingly, we cannot conclude that a pretrial ruling precluding a jury instruction had any impact on his decision to proceed with a bench trial.

And the district court nevertheless considered Hall's intoxication during the period of time in which he failed to register in reaching its verdict. At trial, multiple witnesses testified about Hall's intoxication. That testimony was subject to cross-examination by Hall's counsel. And the district court made findings of fact about the impact of Hall's intoxication on his failure to register as a predatory offender. The district court specifically found that "[e]ven though he was intoxicated, Hall acknowledged" his duty to register and "stated that he would update his address." The district court also found that it was unlikely that Hall would have been heavily intoxicated upon release from the hospital and that Hall could not have been "so heavily intoxicated" for the 17 days between January 4, when he

6

was discharged from Unity House, and January 20, when he was hospitalized for the second time. Thus, the district court, acting as the fact-finder, determined based on the evidence presented at trial that Hall's intoxication did not negate his state of mind. *See* Minn. Stat. § 609.075 (setting forth the voluntary-intoxication defense). Because the district court considered Hall's intoxication and determined that it did not negate his intent, we cannot conclude that Hall was prejudiced by the district court's pretrial ruling precluding a voluntary-intoxication jury instruction.

## II. The district court did not abuse its discretion by denying Hall's motion for a downward dispositional departure.

Hall argues that the district court abused its discretion by denying his motion for a downward dispositional sentencing departure because Hall had lifelong trauma, mental illness, and chemical-dependency issues; because Hall was particularly amenable to probation; and because such a departure was authorized pursuant to Minn. Stat. § 609.1055 (2020). We disagree.

A district court has great discretion when making sentencing decisions, and we will reverse those decisions only when the district court abuses that discretion. *State v. Soto*, 855 N.W.2d 303, 307-08 (Minn. 2014). A sentence that is imposed in accordance with the guidelines is presumed to be appropriate. Minn. Sent'g Guidelines 2.D.1 (2020). "We will affirm the imposition of a presumptive guidelines sentence when the record shows that the sentencing court carefully evaluated all the testimony and information presented before making a determination." *State v. Johnson*, 831 N.W.2d 917, 925 (Minn. App. 2013) (quotation omitted), *rev. denied* (Minn. Sept. 17, 2013).

7

If presented with "substantial and compelling circumstances," a district court may depart from the presumptive sentence under the Minnesota Sentencing Guidelines. *State v. Kindem*, 313 N.W.2d 6, 7 (Minn. 1981); *see also* Minn. Sent'g Guidelines 2.D.1 (stating that a "court may depart from the presumptive disposition" of a guidelines sentence if "there exist identifiable, substantial, and compelling circumstances to support a departure"). The district court may choose not to depart without abusing its sentencing discretion even if it determines that factors exist that might support a sentencing departure. *See State v. Walker*, 913 N.W.2d 463, 468-69 (Minn. App. 2018) (concluding that a district court did not abuse its discretion in declining to dispositionally depart despite considering "evidence of factors that could have supported a departure if they had been substantial or compelling"). We reverse a district court's refusal to depart only in "rare" cases. *Id.* at 468 (quoting *Kindem*, 313 N.W.2d at 7).

The district court considered Hall's arguments in support of a sentencing departure and determined that a departure was not warranted. After Hall's statement at the sentencing hearing, the district court asked Hall about his mental health and chemical dependency. Hall explained that his mental health tends to deteriorate about every four months. The district court stated, "Unfortunately, with the cycle continuing and remaining, it's really hard to find substantial and compelling reasons to not follow the guidelines." The district court acknowledged Hall's desire to improve his mental health and chemical dependency but expressed concern that he struggled when he was not in a structured facility. The district court also considered risks to public safety. It ultimately concluded that there were not substantial and compelling reasons to depart and sentenced Hall to the presumptive

sentence of 24 months in prison. The district court did not abuse its discretion in determining that Hall's experience in and need for mental- and chemical-health treatment did not provide a substantial and compelling reason to depart from the presumptive sentence.

Hall asserts that the dispositional advisor report set forth substantial and compelling reasons for departure. Hall specifically points to language in the report detailing his "lifetime trauma," mental illness, and chemical-dependency issues, Hall's resources for dealing with his mental—and thus chemical—health, and the advisor's opinion that prison would not provide the type of treatment that Hall needs. The record shows that the district court considered Hall's mental and chemical health and history of treatment. The dispositional advisor report does not negate the district court's proper exercise of its discretion in denying Hall's motion.

Hall also asserts that he is particularly amenable to probation. "A dispositional departure typically focuses on characteristics of the defendant that show whether the defendant is particularly suitable for individualized treatment in a probationary setting." *State v. Solberg*, 882 N.W.2d 618, 623 (Minn. 2016) (quotation omitted). The relevant factors in assessing amenability include "the defendant's age, his prior record, his remorse, his cooperation, his attitude while in court, and the support of friends and/or family." *State v. Trog*, 323 N.W.2d 28, 31 (Minn. 1982). "[M]erely being amenable to probation" is insufficient; "requiring a defendant to be *particularly* amenable to probation . . . distinguishes the defendant from most others and truly presents the substantial and compelling circumstances that are necessary to justify a departure." *Soto*, 855 N.W.2d at

9

308-09 (quotation omitted). The record shows that the district court evaluated Hall's amenability to probation and ultimately decided not to depart. It explained that "even though I certainly can say that you're amenable to trying these services, I can't find that you're amenable in the sense of those services being successful based on the history." We discern no abuse of discretion in the denial of a sentencing departure under these circumstances.

Hall also points to Minn. Stat. § 609.1055 as providing authority for a departure. Section 609.1055 provides that a sentencing court "may" place an offender "with a serious and persistent mental illness" on probation or continue probation rather than commit the offender to the commissioner of corrections "when consistent with public safety." Regardless of whether Hall may have satisfied the conditions necessary for a sentencing departure, the ultimate decision as to whether to depart from the presumptive sentence is discretionary with the district court. *See State v. Abdi*, 855 N.W.2d 546, 548-49 (Minn. App. 2014) (reasoning that decisions made pursuant to Minn. Stat. § 609.1055 are reviewed for an abuse of discretion); *see also* Minn. Stat. § 645.44 (2020) (defining "may" as permissive). Moreover, section 609.1055 only permits departure "when consistent with public safety," and the district court specifically expressed concerns that Hall posed a risk to public safety. Thus, the district court properly exercised its discretion in denying Hall's motion for a downward dispositional departure in sentencing.

## III.  **We cannot grant relief based on Hall's pro se supplemental argument.**

In a pro se supplemental brief, Hall claims that hospital records and records from Unity House would have shown that he was hospitalized for COVID-19 during the time at

issue and he asks us to consider this evidence. Hall also asserts that he could not reach a witness, S.C., who would have testified on his behalf regarding his physical and mental state during the time at issue.

We cannot consider this information because it is not in the record. Minn. R. Civ. App. P. 110.01 (stating that the appellate record is limited to "[t]he documents filed in the trial court, the exhibits, and the transcript of the proceedings, if any"); *State v. Dalbec*, 594 N.W.2d 530, 533 (Minn. App. 1999) ("We will not consider matters not received in evidence below."). And to the extent that Hall asserts that he received ineffective assistance of counsel because there was evidence available to negate his guilt, this assertion was inadequately briefed for purposes of appellate review. *See State v. Anderson*, 871 N.W.2d 910, 915 (Minn. 2015) (stating that an assignment of error in a brief based on mere assertion and not supported by argument or authority is waived unless prejudicial error is obvious on mere inspection). We therefore cannot grant Hall relief based on his pro se supplemental arguments.

**Affirmed.**