*This opinion is nonprecedential except as provided by*
*Minn. R. Civ. App. P. 136.01, subd. 1(c).*

**STATE OF MINNESOTA**
**IN COURT OF APPEALS**
**A25-0474**

State of Minnesota,
Respondent,

vs.

Shain Alan Freeman,
Appellant.

**Filed March 23, 2026**
**Affirmed; motion denied**
**Kirk, Judge**[*]

Hennepin County District Court
File No. 27-CR-22-15835

Keith Ellison, Attorney General, St. Paul, Minnesota; and

Mary F. Moriarty, Hennepin County Attorney, Nicole Cornale, Assistant County Attorney, Minneapolis, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Benjamin J. Butler, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Larkin, Presiding Judge; Cochran, Judge; and Kirk, Judge.

---

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

**KIRK**, Judge

In this sentencing appeal, which follows a stay and remand for postconviction proceedings, appellant argues that the district court abused its discretion by overruling his objection to the state's submission of its restitution request 46 days beyond the expiration of the district court's 30-day deadline when neither the state nor the victim offered any explanation for its tardiness. Respondent moved to strike a paragraph from appellant's brief, claiming that the paragraph attempts to establish facts outside the record and vilifies the restitution victim. Because we discern no abuse of discretion, we affirm. And because we reach this conclusion without relying on the contested portion of the brief, we also deny respondent's motion to strike as moot.

## FACTS

Appellant Shain Alan Freeman pleaded guilty to second-degree assault with a dangerous weapon, admitting that he repeatedly rammed a police cruiser in an attempt to cause the police officer fear so that Freeman could flee police. Because the district court accepted Freeman's guilty plea and sentenced him on the same day, it did not yet have a restitution request from the victim. The district court reserved the issue of restitution for a period of 30 days. On June 24, 2024, 76 days after sentencing, the state filed a restitution claim on behalf of the League of Minnesota Cities Insurance Trust (the victim) for "[d]amage to city police vehicle."

The district court ordered the parties to submit letter briefs regarding the district court's "authority to order the restitution amount requested given the untimeliness of the

request." In Freeman's brief to the district court, he requested that the court reject the state's late filing, asserting that the reservation of 30 days for the victim to file a restitution request was part of the plea agreement and that he relied upon that timeline when he entered his guilty plea. Freeman filed a timely affidavit challenging the restitution claim and the parties appeared for a contested restitution hearing.

After the hearing, the district court ordered Freeman to pay restitution to the victim, although in a reduced amount due to facts introduced at the hearing about Freeman's finances. The district court later reduced that amount further in response to a joint motion requesting a reduction due to an initial miscalculation of the amount of damage actually caused by Freeman. Freeman now owes $5,421.33 in restitution less any amounts he has already paid.

Freeman appeals.

## DECISION

Freeman argues that the district court abused its discretion by granting the victim's untimely restitution request over his objection. "[A] restitution award is part of a sentence." *Evans v. State*, 880 N.W.2d 357, 359 (Minn. 2016). "For a sentence to be unauthorized, it must be contrary to law or applicable statutes." *Id.* We review a district court's decision to order restitution for an abuse of discretion. *State v. Andersen*, 871 N.W.2d 910, 913 (Minn. 2015). However, we review de novo questions about the district court's authority to grant restitution. *Id.*

Freeman argues that restitution deadlines are "inflexible claim-processing rules," which can only be waived by the opposing party. In support of this contention, he cites

3

several cases that address statutory deadlines found in Minn. Stat. § 611A.045, subd. 3 (2022).

Minnesota Statutes section 611A.045, subdivision 3 addresses the process by which an offender may challenge a restitution request or order. Specifically, the statute requires an offender to "request[] a hearing within 30 days of receiving written notification of the amount of restitution requested, or within 30 days of sentencing, whichever is later." *Id.*, subd. 3(b). Freeman argues that because these statutory deadlines are strictly applied to criminal defendants, it is unfair that the district court deemed its restitution reservation period more flexible. However, restitution reservation for crime victims is addressed by a different section of the statute.

"A victim of a crime has the right to receive restitution as part of the disposition of a criminal charge . . . against the offender if the offender is convicted." Minn. Stat. § 611A.04, subd. 1(a) (2022). Restitution "may include, but is not limited to, any out-of-pocket losses resulting from the crime." *Id.* "The court may amend or issue an order of restitution after the sentencing . . . if the true extent of the victim's loss . . . was not known at the time of sentencing." Minn. Stat. § 611A.04, subd. 1(b)(3) (2022). "Minnesota Statutes chapter 611A does not set a deadline for the district court to exercise its authority to order restitution" under these circumstances. *Andersen*, 871 N.W.2d at 914.

Freeman cites *State v. White*, 996 N.W.2d 206, 213 (Minn. App. 2023) (quotation omitted), *aff'd on other grounds* 13 N.W.3d 395 (Minn. 2024) for the proposition that restitution deadlines are "inflexible claim-processing rules unalterable on a party's application." In *White*, we considered whether section 611A.045, subdivision 3, was

4

jurisdictional or was a claim-processing rule that could be "forfeited if the party asserting the rule waits too long to raise the point." 996 N.W.2d at 213. We determined that the procedural and timing requirements were claim-processing rules rather than jurisdictional requirements and, therefore, they could be forfeited or waived. *Id.* at 215. *White* is inapposite because the deadline at issue here is a court-imposed deadline, not a statutory deadline. Furthermore, *White* addressed a section of the statute not at issue in this appeal.

The district court determined that it had discretion under *State v. Irby*, 957 N.W.2d 111, 122-23 (Minn. App. 2021), *aff'd on other grounds* 967 N.W.2d 389 (Minn. 2021), to order post-sentencing restitution, even when the victim did not meet the court's deadline to file a request. In *Irby*, the defendant argued that the district court lacked authority to order restitution because the victim had filed its restitution affidavit after the 90-day court-imposed deadline. *Id.* at 122-23. We noted that Irby cited "no authority for the proposition that the district court could not suspend the 90-day deadline that it had imposed." *Id.* at 123. Importantly, we evaluated in *Irby* whether the district court had properly ordered restitution under section 611A.04, subdivisions 1(a) and 1(b), just as the district court did here. *See Irby*, 957 N.W.2d at 122. We concluded that "the district court did not exceed its authority when it ordered restitution," even though it did so past the court-imposed deadline. *Id.* at 123.

Freeman's argument suffers the same malady as Irby's. Although he asserts that *Irby* "has since been modified by *White*," and that it "does not survive" the *White* decision, this is not so. *White* evaluated the statutory deadline for an offender to challenge a restitution order under section 611A.045, subdivision 3, whereas *Irby* evaluated whether a

5

district court could relax its own court-imposed deadline. *Compare White*, 996 N.W.2d at 213-15, *with Irby*, 957 N.W.2d at 122-23. Furthermore, *White* did not discuss any component of *Irby*, nor did it reference the *Irby* decision. These cases addressed separate and distinct questions and are not in conflict with each other.

Freeman, however, argues that "to the extent that *Irby* held anything, it was that a judge can accept a late restitution filing for good cause." He claims that although there was good cause in *Irby*, there is no good cause here because the case is not complicated, the damages had been clear since the incident, and he objected to the late notice. We have "determined that it is the knowledge of the district court—not the knowledge of the state or the victim—regarding the extent of the victim's loss that is controlling." *Irby*, 957 N.W.2d at 122 (citing *Mason v. State*, 652 N.W.2d 269, 272 (Minn. App. 2002), *rev. denied* (Minn. Dec. 30, 2002)). The district court did not have information about the victim's loss at the time of sentencing, which was why it reserved restitution. Furthermore, we "defer to a district court's interpretation of its own order." *LaChapelle v. Mitten*, 607 N.W.2d 151, 162 (Minn. App. 2000).

The reasons that the district court gave for granting the untimely request were (1) the victim's restitution request was not significantly late; (2) although the district court's restitution reservation was for 30 to 60 days, restitution is often reserved for a longer period of time; (3) Freeman admitted to causing the damage to the police car; and (4) it would be inappropriate to punish the person who actually paid for the damage. We are disappointed by the state's lack of response to the district court's order for briefing and its lack of explanation for its tardy submission at the hearing. However, we agree with the district

6

court that it would be inappropriate to punish the victim because of the state's misstep. The district court's reasoning here falls within its discretion to accept the late restitution request.

We conclude that the district court had the authority to order restitution and that it did not abuse its discretion by relaxing its own court-imposed deadline. Therefore, we affirm the district court's award of restitution.[1]

**Affirmed; motion denied.**

---

[1] Because our decision to affirm does not rely on the portion of the brief challenged in the state's motion to strike, we deny that motion as moot. *See Drewitz v. Motorwerks, Inc.*, 728 N.W.2d 231, 233 n.2 (Minn. 2007) (denying a motion to strike as moot when the reviewing court did not rely on the material).