ERNEST J. SCHOEPKE v. ALEXANDER SMITH & SONS CARPET COMPANY AND ANOTHER.

187 N. W. (2d) 133.

May 14, 1971—No. 42497.

*James B. Lund,* for relator.

*Robb, Van Eps & Gilmore* and *Michael D. Aafedt,* for respondents.

Heard before Knutson, C. J., and Nelson, Otis, Rogosheske, and Odden, JJ.

PER CURIAM.

Certiorari upon the relation of Ernest J. Schoepke, employee, to review an order of the Workmen's Compensation Commission denying a petition to vacate an award on stipulation against Alexander Smith & Sons Carpet Company, employer, and Liberty Mutual Insurance Company, insurer.

On December 21, 1949, Schoepke allegedly sustained an injury to his back arising out of and in the course of his employment with Alexander Smith & Sons Carpet Company. On September 8, 1950, a stipulation of settlement among these parties was filed with the Workmen's Compensation Commission providing for payment of 5 weeks of temporary total disability, 30 weeks of permanent partial disability, representing a 10-percent permanent partial disability, and medical expenses, all in

connection with the back injury. The Workmen's Compensation Commission destroyed its file 18 years later pursuant to Minn. St. 175.36.

On October 8, 1969, Schoepke filed a petition to vacate the earlier award. The matter was heard by the commission on March 9, 1970, and on March 20 the commission entered an order denying the petition to vacate. In an attached memorandum the commission summarized its reasons for denial of the petition as follows:

"In view of the denial of primary liability [prior to the settlement], continued working for many years, gradually changing condition, lack of specific information by reason of destruction of records, we do not believe that an award covering a compromise settlement for an injury occurring approximately 20 years ago should be set aside."

Certiorari issued from this court on April 9, 1970, raises five issues: (1) Whether Minn. St. 175.36[1] authorizes the destruction of commission records; (2) whether destruction of records precludes a commission which destroyed the records from sitting in judgment on a case based on them; (3) whether § 175.36 is an unconstitutional impairment of contract rights, contrary to Minn. Const. art. 1, § 2; (4) whether destruction of records pursuant to Minn. St. 175.36 deprives relator of property without notice and opportunity to be heard; and (5) whether the Workmen's Compensation Commission abused its discretion in refusing to vacate the 1950 award based on stipulation.

Although Minn. St. 175.36 is not drafted as clearly as one might wish, we nonetheless have no difficulty holding that it authorizes the destruction of commission records after their retention for 18 years.

Relator's second issue, which in essence questions the propriety of the commission's sitting in judgment on a matter wherein the records have been destroyed when in fact it was responsible for their destruction, is advanced without discussion or supporting authority, contrary to Rule 128.01(4), Rules of Civil Appellate Procedure. An assignment of error based on mere assertion and not supported by any argument or authorities in appellant's brief is waived and will not be considered

---

[1] Minn. St. 175.36 provides in part: "The department of labor and industry and the workmen's compensation commission are authorized to destroy the following files and records at the times and under the conditions herein specified:

"(1)   All files, records and correspondence in the office of the industrial commission, covering the period prior to June 1, 1921;

"(2)   All files and records subsequent thereto, covering the period of one year, on June first of each succeeding year."

on appeal unless prejudicial error is obvious on mere inspection. Knox v. Knox, 222 Minn. 477, 25 N. W. (2d) 225; Kaehler v. Kaehler, 219 Minn. 536, 18 N. W. (2d) 312; Ranum v. Swenson, 220 Minn. 170, 19 N. W. (2d) 327. As we are unable to perceive prejudicial error in this issue upon mere inspection, it is deemed waived.

Issues 3 and 4 concern the constitutionality of an act of the legislature. When the state is not a party, a prerequisite to consideration of such issues in this court is notification to the attorney general. Rule 144, Rules of Civil Appellate Procedure. Here, the record does not disclose that such notice was ever given. As a consequence, these claims are not properly before this court. Village of Farmington v. Minnesota Municipal Comm. 284 Minn. 125, 138, 170 N. W. (2d) 197, 205.

The final issue before this court is whether the Workmen's Compensation Commission abused its discretion in refusing to vacate the 1950 award based on stipulation.

We hold that it did not.

Minn. St. 176.461 allows the Workmen's Compensation Commission to set aside an earlier award "for cause."[2] This court has held that the discretion which is thereby vested in the commission is of considerable latitude, though not limitless. Mattson v. Abate, 279 Minn. 287, 156 N. W. (2d) 738. As we stated in Jacobson v. Uptown Transfer & Storage Co. 268 Minn. 336, 342, 129 N. W. (2d) 41, 45 (quoting from Ogrosky v. Commonwealth Elec. Co. 172 Minn. 46, 47, 214 N. W. 765, 766):

"* * * In the absence of something to indicate that a discretionary power has been exercised arbitrarily, capriciously, or contrary to legal usage, we are bound by the result. So long as such discretion is exercised judicially the result is beyond our reach. Its exercise depends not upon the application of rules of law but upon personal judgment."

In the instant case the reasons cited by the commission in its memorandum preclude a finding of abuse of discretion. See, Jones v. Flour City Ornamental Iron Works, 271 Minn. 42, 134 N. W. (2d) 586.

Affirmed.

---

[2] Although the Minnesota Legislature amended this statute in 1967 limiting the time to set aside earlier awards for cause to 8 years, such amendment would not affect the commission's right to act upon relator's motion since his award by stipulation was granted prior to such amendment.