Thomas J. MEISKE, Plaintiff,

Corporate Express, Inc., Respondent,

v.

LIFT–STAK & STOR, INC., Appellant,

Crown Equipment Corp., Defendant.

No. C8–99–504.

Court of Appeals of Minnesota.

Aug. 31, 1999.

Janet Stellpflug, Krista L. Twesme, Aaf-edt, Forde, Gray & Monson, P.A., Minneapolis, for respondent.

William M. Hart, Michael D. Hutchens, Kevin J. Craig, Meagher & Geer, P.L.L.P., Minneapolis, for appellant.

Considered and decided by G. BARRY ANDERSON, Presiding Judge, TOUSSAINT, Chief Judge, and RANDALL, Judge.

## OPINION

RANDALL, Judge

Appellant challenges the district court's order granting respondent's motion for summary judgment, arguing that the district court erred in its conclusion that the loaned-servant doctrine and a side agreement between respondent and Interim Personnel, Inc., barred appellant from asserting a *Lambertson* contribution claim against respondent. Appellant has also brought a motion to strike portions of Corporate Express's brief and appendix, asserting that certain documents reproduced in the appendix and discussed in the brief were not part of the district court's record. We reverse and remand and grant appellant's motion to strike.

## FACTS

Interim Personnel (Interim) and respondent Corporate Express entered into a Temporary Personnel Services Agreement (the agreement) on January 7, 1998. The agreement provided that Interim would supply Corporate Express with workers on an as-needed basis. The agreement required Interim to provide workers' compensation insurance and employer's liability insurance in ,the amount of $1,000,000.

Pursuant to the agreement, Interim placed Thomas Meiske at Corporate Express. On February 11, 1998, Meiske injured his foot while operating a forklift on the premises of Corporate Express, resulting in a partial amputation of his foot. The forklift used by Meiske was manufactured by Crown Equipment Corporation (Crown) and distributed and maintained by appellant Lift–Stak & Stor (Lift–Stak). Pursuant to the agreement, Interim paid workers' compensation benefits to Meiske.

Meiske commenced a negligence and products liability action against Lift–Stak and Crown and an action seeking a directive requiring Corporate Express to permit Minn. R. Civ. P. 34 discovery. Lift–Stak brought a cross-claim against Corporate Express seeking indemnity and a *Lambertson* contribution. It is disputed whether Lift–Stak brought a cross-claim for direct contribution against Corporate Express. Corporate Express brought a motion for summary judgment on Lift–Stak's cross-claim. The district court granted Corporate Express summary judgment, holding that the agreement eliminated Corporate Express's workers' compensation liability, including any *Lambertson* contribution. The district court did not rule on the direct contribution claim. Lift–Stak appeals from the district court's order granting Corporate Express summary judgment.

## ISSUES

1. Did the district court err in holding that the agreement between Interim and Corporate Express barred Lift–Stak from seeking a *Lambertson* contribution claim?

2. May this court review Lift–Stak's direct contribution claim?

3. Should Lift–Stak's motion to strike portions of Corporate Express's brief and appendix be granted?

## ANALYSIS

An appellate court reviews a summary judgment award only to determine whether there are any genuine issues of material fact and whether the district court erred in applying the law. *Weeks v. American Family Mut. Ins. Co.*, 580 N.W.2d 24, 26 (Minn.1998). Here, there is no factual dispute. Thus, this court's review is de novo. *See Dean v. American Family Mut. Ins. Co.*, 535 N.W.2d 342, 343 (Minn.1995) (stating de novo standard of review applied where there is no factual dispute).

### I. *Lambertson* Contribution Claim

■ A third-party tortfeasor is entitled to contribution from the injured worker's employer in "an amount proportional to its percentage of negligence, but not to exceed its total workers' compensation *liability* to the plaintiff." *Lambertson v. Cincinnati Corp.*, 312 Minn. 114, 130, 257 N.W.2d 679, 689 (1977) (emphasis added). The court in *Peterson* articulated the *Lambertson* rule as the employer's contribution "is limited to the amount of workers' compensation benefits *paid.*" *Peterson v. Little–Giant Glencoe Portable Elevator Div. of Dynamics Corp. of Am.*, 366 N.W.2d 111, 117 (Minn.1985) (emphasis added).

■ On appeal, neither party disputes the applicability of the loaned-servant doctrine, which brings Corporate Express into the role of the employer for the purpose of a *Lambertson* contribution. The loaned-servant doctrine provides that a temporary employee is simultaneously employed by both the temporary agency (the general employer) and the employer at the site where the temporary employer is placed (the special employer). *Danek v. Meld-*

*rum Mfg. & Eng'g Co.*, 312 Minn. 404, 407, 252 N.W.2d 255, 258 (Minn.1977). The loaned-servant doctrine allows the employee to look to either employer for compensation because he is deemed to be an employee of both employers. *Id.* The Minnesota Workers' Compensation Court of Appeals has held that although special employers and general employers may contract between themselves for the distribution of workers' compensation benefits, both employers remain jointly liable. *Aultman v. Search Resources, Inc.*, 58 W.C.D. 89, 93 (Minn. Workers' Comp. Ct. App.1997), *aff'd mem.*, 575 N.W.2d 106 (Minn.1998). We agree.

Relying on the court's language in *Peterson*, Corporate Express argues that it is not liable to Lift–Stak for *Lambertson* contribution because the agreement with Interim relieves it of any responsibility to *pay* workers' compensation benefits to Meiske. Under contract law, Corporate Express may legitimately shift its prospective liability to *pay* workers' compensation benefits to Interim, who charged Corporate Express a fee for assuming the liability. *See Christensen v. Eggen*, 577 N.W.2d 221, 225 (Minn.1998) (stating freedom to contract must not be violated unless particular contract violates principle of greater concern to general public); *Aultman*, 58 W.C.D. at 93 (holding primary and secondary employers may contract between themselves for payment of compensation benefits for which both are liable). However, the side agreement between Corporate Express and Interim cannot be used to bar a stranger to the side agreement, in this case Lift–Stak, the right to attempt to show Corporate Express's negligence. *See Hallas v. Naegele Outdoor Adver., Inc.*, 541 N.W.2d 594, 599 (Minn.App.1995) (stating side agreement cannot affect rights of third parties who are not privy to agreement), *review denied* (Minn. Feb. 9, 1995). The side agreement can shift the financial obligation to pay (if any) from Corporate Express to Interim. But the side agreement does not eliminate the possibility of negligence on the part of Corporate Express; rather it terminates Corporate Express's obligation to pay, if liable, and shifts that burden to another.

This court expresses no opinion on the merits of Lift–Stak's claim. We simply reverse and remand to hold that Lift–Stak is free to pursue a *Lambertson* contribution claim against Corporate Express.

## II. Direct Contribution Claim

On review, an appellate court "must generally consider only those issues that the record shows were presented to and considered by the trial court in deciding the matter before it." *Thiele v. Stich*, 425 N.W.2d 580, 582 (Minn.1988) (citations omitted). Moreover, an assignment of error based on mere assertion and lacking supporting argument or authorities is waived unless prejudicial error is obvious. *Schoepke v. Alexander·Smith & Sons Carpet Co.*, 290 Minn. 518, 519–20, 187 N.W.2d 133, 135 (1971).

Corporate Express challenges whether Lift–Stak properly raised a direct contribution claim at the district court level and whether Lift–Stak preserved its right to review the direct contribution claim. It is unclear from the district court record whether Lift–Stak raised a direct contribution claim. It is clear from the district court's order and memorandum of law granting Corporate Express summary judgment, however, that the district court considered only a *Lambertson* contribution claim. Although Lift–Stak raises a direct contribution claim in its statement of the case on appeal, its brief does not clearly raise or provide argument in support of a direct contribution claim. Thus, this issue has been waived on appeal.

## III. Motion to Strike

This court may not consider "matters outside the record on appeal, and may not consider matters not produced and received in evidence below." *Thiele*, 425 N.W.2d at 582–83.

Corporate Express has included in its appendix two letters that are not contained in the district court file. In addition, Corporate Express has discussed these letters on page six of its brief. Because these letters were not received in evidence below, Lift–Stak's motion to strike appendix pages one through five, and the portion of Corporate Express's brief discussing them, is granted.

## DECISION

Under principles of contract law, the side agreement between Corporate Express and Interim permissibly shifts the burden to pay workers' compensation benefits from Corporate Express to Interim. This agreement cannot, however, bar Lift–Stak, a stranger to the agreement, from showing Corporate Express's negligence for the purposes of seeking a *Lambertson* contribution. Therefore, Lift–Stak is free to pursue a *Lambertson* contribution claim against Corporate Express. Because the direct contribution issue was not considered by the district court, and was not raised or supported by argument in Lift–Stak's brief, we decline to consider it on appeal. Finally, because Corporate Express included material in its brief and appendix that was not accepted into evidence by the district court, Lift–Stak's motion to strike those portions of Corporate Express's brief and appendix is granted.

**Reversed and remanded; motion granted.**