*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

## STATE OF MINNESOTA
## IN COURT OF APPEALS
## A15-0433

Leola Banks,
Relator,

vs.

Regions Hospital,
Respondent,

Department of Employment and Economic Development,
Respondent.

**Filed November 9, 2015**
**Affirmed**
**Ross, Judge**

Department of Employment and Economic Development
File No. 33085864-3

Leola Banks, St. Paul, Minnesota (pro se relator)

Regions Hospital, St. Paul, Minnesota (respondent)

Lee B. Nelson, Department of Employment and Economic Development, St. Paul, Minnesota (for respondent department)

Considered and decided by Chutich, Presiding Judge; Ross, Judge; and Stauber, Judge.

UNPUBLISHED OPINION

**ROSS**, Judge

Leola Banks's supervisor discharged Banks from her employment at Regions Hospital after Banks signed prescription-drug order forms as a licensed pharmacist even though she was not a licensed pharmacist. Banks appeals from an unemployment-law judge's determination that she is ineligible to receive unemployment benefits because she was discharged for employment misconduct. Because Banks's misrepresenting herself as a pharmacist to order drugs constitutes employment misconduct, we affirm.

## FACTS

Leola Banks was a pharmacy purchasing agent employed by Regions Hospital until 2014. Her duties included submitting orders to vendors and wholesalers and completing the necessary forms to replenish the pharmacy's inventory.

Five times between February and August 2014, Banks filled out an order form to initiate a free trial program with a pharmaceutical company to receive prescription drugs. Banks, who is not a licensed pharmacist, signed her name on the "Pharmacist Signature" line above a statement that read, "I certify that I am a licensed pharmacist eligible to receive and dispense this product." Banks also signed a "packing list" each time the drug was delivered. She signed the packing list under a statement that began similarly, "I certify that I am a licensed pharmacist." And Banks wrote on the packing list that she carried the title "RPH," which means "registered pharmacist." Banks ordered the drugs for Regions, not for her personal use.

A billing anomaly alerted Regions that Banks was signing as a pharmacist. Regions investigated. It then discharged Banks because it concluded that she had "affirmatively represented [her]self as a pharmacist on documentation provided to a vendor, even though [she is] not a pharmacist." Regions told Banks that she violated the hospital's code of conduct and that the hospital's corrective-action policy provided for her immediate discharge for "[k]nowingly falsifying or altering records/documents or other acts of material dishonesty." Banks knew about this policy.

Banks applied to the Minnesota Department of Employment and Economic Development for unemployment benefits. The department determined that she is ineligible for benefits because she was discharged for employment misconduct. Banks appealed and an unemployment-law judge (ULJ) conducted an evidentiary hearing. The ULJ determined that Regions discharged Banks for employment misconduct for signing the forms as a licensed pharmacist. The ULJ therefore held that Banks is ineligible for unemployment benefits and later affirmed the decision after Banks requested reconsideration. This certiorari appeal follows.

**D E C I S I O N**

Banks challenges the ULJ's determination that her signing forms as a licensed pharmacist constitutes employment misconduct. An employee discharged for employment misconduct is disqualified from receiving unemployment benefits. Minn. Stat. § 268.095, subd. 4(1) (2014). Employment misconduct is intentional, negligent, or indifferent conduct "that displays clearly: (1) a serious violation of the standards of behavior the employer has the right to reasonably expect of the employee; or (2) a

3

substantial lack of concern for the employment." *Id.*, subd. 6(a) (2014). Whether an employee engaged in employment misconduct is a mixed question of fact and law. *Peterson v. Nw. Airlines Inc.*, 753 N.W.2d 771, 774 (Minn. App. 2008), *review denied* (Minn. Oct. 1, 2008). Whether the employee committed a particular act is a fact question, but whether that act constitutes employment misconduct is a question of law, which we review de novo. *Id.* We have only a question of law, because Banks does not dispute the ULJ's finding that she signed the forms wrongly indicating that she was a licensed pharmacist.

The ULJ rightly determined that Banks was discharged for employment misconduct. Banks knew that the hospital's policy prohibited falsifying documents and acting dishonestly. Refusing to abide by an employer's reasonable policy generally constitutes employment misconduct. *Schmidgall v. FilmTec Corp.*, 644 N.W.2d 801, 804 (Minn. 2002). Regions reasonably prohibits its pharmacy technicians from signing forms as a pharmacist. Banks's signing on the pharmacist-signature line and otherwise declaring herself to be a registered pharmacist constitutes a dishonest act that violated the policy. We add that Banks violated not only her employer's policy; she may have committed the crime of "falsely assum[ing] or pretend[ing] to the title of pharmacist," Minn. Stat. §§ 151.17, .29 (2014), and violated the administrative rule that "[p]harmacy technicians must not represent themselves as pharmacists in any manner." Minn. R. 6800.3850, subp. 1e(B) (2015). We need not decide whether Banks violated the law and the administrative rules; it is enough for our purposes that she violated the hospital's reasonable policy. The

ULJ did not err as a matter of law by concluding that Banks committed employment misconduct and declaring her ineligible for unemployment benefits.

Banks makes several other assertions in her pro se brief, but these are unsupported by argument or legal authority. "An assignment of error based on mere assertion and not supported by any argument or authorities in appellant's brief is waived and will not be considered on appeal unless prejudicial error is obvious on mere inspection." *Schoepke v. Alexander Smith & Sons Carpet Co.*, 290 Minn. 518, 519–20, 187 N.W.2d 133, 135 (1971). We have carefully considered all of Banks's assertions and find them to be unconvincing.

**Affirmed.**