*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-1978**

In re the Marriage of:
Kathryn Suzanne Neufeld, f/k/a Kathryn Suzanne Hare, petitioner,
Respondent,

vs.

Robert Russell Hare,
Appellant.

**Filed July 18, 2016
Affirmed
Halbrooks, Judge**

Stearns County District Court
File No. 73-FA-11-3209

Kathryn S. Neufeld, Fergusons Cove N.S., Canada (pro se respondent)

Robert Russell Hare, Upsala, Minnesota (pro se appellant)

Considered and decided by Hooten, Presiding Judge; Halbrooks, Judge; and Jesson, Judge.

**U N P U B L I S H E D   O P I N I O N**

**HALBROOKS**, Judge

Appellant challenges the district court's modification of child support following a modification of custody in favor of respondent, arguing that the district court erred by (1) failing to hold an evidentiary hearing on the issue of child support, (2) denying

appellant's motion to compel disclosure of respondent's financial statements, and (3) allowing ex parte communication from respondent. We affirm.

## FACTS

Appellant Robert Hare and respondent Kathryn Neufeld, both pro se, were married in 1988 and have four children together. The district court granted Neufeld's petition to dissolve the marriage in March 2012. Upon dissolution, the district court awarded the parties joint physical custody of P.H., but sole legal custody to Neufeld. Following the dissolution, Neufeld considered moving to Halifax, Nova Scotia to be closer to her family and talked with P.H. about the possibility of joining her in Canada. At the time, P.H. indicated her desire to remain in Minnesota to be near her friends. As a result, Neufeld did not move. Approximately one year later, Neufeld decided that she would move to Halifax, and the parties stipulated to modify custody to give Hare sole physical and legal custody of P.H. so that P.H. could remain here.

After Neufeld moved, P.H. began to reconsider her decision. In April 2015, Neufeld moved the district court to grant her sole custody of P.H. and permit her to move P.H. to Halifax. Based on the parties' submissions, the district court determined that Neufeld had established a prima facie case for modification of custody under Minn. Stat. § 518.18(d)(iv) (2014) and ordered an evidentiary hearing. The district court awarded Neufeld sole physical and sole legal custody of P.H. and denied Hare's motion for a stay pending appeal. Hare petitioned this court for a writ of prohibition to preclude the district court from allowing its modification of custody to take effect. This court denied the petition. Hare then moved the district court for a delay in the determination of child

support until an evidentiary hearing could be held.  The district court denied his request for an evidentiary hearing and ordered Hare to pay child support.  This appeal follows.

**D E C I S I O N**

**I.**

Hare argues that the district court abused its discretion by denying an evidentiary hearing on the issue of child support and by denying his motion to compel discovery of Neufeld's financial documents.  Whether to modify child support is discretionary with the district court, and its decision will be reversed on appeal only if the district court resolved the matter in a manner that is against logic and the facts on record.  *Haefele v. Haefele*, 837 N.W.2d 703, 708 (Minn. 2013).  "Whether to hold an evidentiary hearing on a motion generally is a discretionary decision of the district court, which we review for an abuse of discretion."  *Thompson v. Thompson*, 739 N.W.2d 424, 430 (Minn. App. 2007).

Hare argues that an evidentiary hearing was necessary because the district court imputed income to him and allowed Neufeld to submit evidence of her income in the form of paystubs without providing him with an opportunity to rebut that evidence.  Before the district court modified custody of P.H. in favor of Neufeld, Neufeld was the obligor for child support.  After the district court awarded sole legal and sole physical custody of P.H. to Neufeld, she was no longer the obligor for child support.  The district court ordered both parties to submit proposed child-support worksheet calculations in an effort to recalculate child support based on parenting-time percentages.  The district court found that Hare's parenting time fell into the 10-45% range, which equates to a 12%

3

adjustment to his child-support obligations. *See* Minn. Stat. § 518A.36, subd. 2(1) (2014).

The district court then deducted this amount from Hare's basic support obligation, which is comprised of his earned income and potential income combined. The district court had previously found Hare to be voluntarily underemployed:

> Based on the evidence presented at trial, it is appropriate to conclude that [Hare] is voluntarily employed on a less than full-time basis and the presumption that [Hare] can be gainfully employed on a full-time basis has not been rebutted. Because there is no evidence reasonably tending to sustain the trial court's findings that potential income must be assigned to [Hare] because he is merely employed on a less than full-time basis (as opposed to being voluntarily employed on a less than full-time basis) the Court's Finding must be amended to reflect a finding regarding voluntariness. This is also necessary in order to comply with the language of Minn. Stat. § 5l8A.32 which does not require imputation of potential income unless the employment on a less than full-time basis is voluntary.

The district court imputed potential income to Hare based on its finding that he "continues to be voluntarily underemployed." Whether a parent is voluntarily unemployed or underemployed is a factual finding that is reviewed for clear error on appeal. *Welsh v. Welsh*, 775 N.W.2d 364, 370 (Minn. App. 2009). Thus, the district court set Hare's earning potential at $1,885 gross per month based on his failure to rebut the presumption that he could be gainfully employed on a full-time basis.

Neufeld submitted evidence of her income through an affidavit and supporting documentation. Hare argues that Neufeld intentionally misrepresented her income to the court, and, therefore, an evidentiary hearing was necessary to allow Hare an opportunity

to rebut her evidence. But the district court is not required to hold an evidentiary hearing on a motion for modification of maintenance or support. Minn. Stat. § 518A.39, subd. 2(g) (Supp. 2015). The district court determined that "[a]bsent some credible evidence to suggest that [respondent] has misrepresented her income, there is no reason to permit discovery or conduct an evidentiary hearing."

There is nothing in the record to suggest that the district court abused its discretion by finding that an evidentiary hearing was not warranted under the circumstances. The district court was able to consider Neufeld's employment and earning capacity based on the evidence submitted, consisting of her affidavit and employment paystubs. Through these documents, Neufeld also confirmed the district court's request for clarification that her income reflects that she is paid in Canadian currency. The district court adjusted her income accordingly to reflect U.S. currency.[1]

Hare also maintains that the district court should have compelled discovery of a wide array of Neufeld's financial information, including "information about types of income that do not qualify as 'income' for child support purposes." The district court denied Hare's request to compel discovery of financial documents on the basis that the documents were either irrelevant or duplicative of ones the district court was already requiring from Neufeld. Because the district court was able to calculate child support based on the record before it, it did not abuse its discretion by declining to hold an

---

[1] Hare argued to the district court that fluctuations in currency valuations warrant routine child-support adjustment. The district court did not find that this was a substantial change in circumstances that justifies an adjustment. *See* Minn. Stat. § 518A.39, subd. 2(b)(1) (Supp. 2015).

evidentiary hearing or compel discovery of duplicative financial statements or other information that was not relevant to a determination of child support.

## II.

Hare argues that the district court inappropriately received ex parte communication from Neufeld because he was not served with Neufeld's affidavit and paystubs. An assignment of error in a brief based on "mere assertion" and not supported by argument or authority is waived unless prejudicial error is obvious on mere inspection. *State v. Modern Recycling, Inc.*, 558 N.W.2d 770, 772 (Minn. App. 1997) (quoting *Schoepke v. Alexander Smith & Sons Carpet Co.*, 290 Minn. 518, 519-20, 187 N.W.2d 133, 135 (1971)).

It is difficult to ascertain, based on the record before this court, whether Hare was unable to procure copies of Neufeld's affidavit and paystubs. But our independent review of the record leads us to conclude that the district court did not err in its child-support calculations. Thus, even if Neufeld failed to comply with the district court's mandate to serve Hare with the financial affidavit and supporting documentation, that error is harmless. *See* Minn. R. Civ. P. 61 ("The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties."). For these reasons, Hare is not entitled to reversal based on his assertion that Neufeld failed to serve him with documents requested by the district court.

**Affirmed.**