*This opinion is nonprecedential except as provided by*
*Minn. R. Civ. App. P. 136.01, subd. 1(c).*

**STATE OF MINNESOTA**
**IN COURT OF APPEALS**
**A23-1117**

Fiorella Y Andrade Carpio and OBO Minor Child,
Respondent,

vs.

Brooke Lea Simpson,
Appellant.

**Filed May 20, 2024**
**Affirmed**
**Schmidt, Judge**

Ramsey County District Court
File No. 62-HR-CV-22-1263

Fiorella Y Andrade Carpio, New Brighton, Minnesota (pro se respondent)

Brooke Simpson, New Brighton, Minnesota (pro se appellant)

Considered and decided by Schmidt, Presiding Judge; Slieter, Judge; and Wheelock, Judge.

**NONPRECEDENTIAL OPINION**

**SCHMIDT**, Judge

Appellant Brooke Simpson challenges the district court's grant of a harassment restraining order (HRO) in favor of respondent Fiorella Y Andrade Carpio,[1] arguing that

---

[1] "Fiorella Y Andrade Carpio" appears on the HRO petition that respondent filed with the district court. We use the caption from district court's order even though it does not match the shortened version that appears on respondent's brief. *See* Minn. R. Civ. App. P. 143.01.

the record does not support the findings of harassment and that the HRO violated her First Amendment rights. Because the record supports the grant of the HRO, we affirm.

**FACTS**

In 2022, respondent filed a petition for a HRO against appellant. A referee filed an ex parte order that granted and scheduled a hearing on respondent's petition. Respondent, appellant, and a police officer testified over the course of several hearings.

Appellant testified that she is "stalked frequently" in the neighborhood and records "all the time" to collect evidence. She testified that she communicates with police through her YouTube channel because of the "stuff" that she goes through on a "daily basis."

Respondent testified that appellant scares her because appellant follows respondent and takes videos of respondent and her yard. Respondent explained that she installed cameras outside of her home for her security because appellant often called the police and respondent wanted to show that she and her husband "were not doing anything wrong." Respondent also expressed concern that appellant video recorded respondent's minor child.

The police officer testified that appellant had ongoing issues with several neighbors. The officer testified that he had received approximately 34 reports between appellant and respondent, none of which amounted to criminal harassment.

The referee granted the petition. The HRO prohibited appellant from taking "photographs or videos (including security cameras)" of respondent's property. The referee reasoned that appellant's use of her camera, which captured respondent's property "on multiple days," amounted to "repeated incidents of intrusive and unwanted acts."

This appeal follows.

2

**DECISION**

**I.** **The district court did not abuse its discretion in granting the HRO against appellant because the record supports a finding of harassment.**

This court reviews a district court's grant of a HRO for an abuse of discretion. *Kush v. Mathison*, 683 N.W.2d 841, 843 (Minn. App. 2004), *rev. denied* (Minn. Sept. 29, 2004). "[T]his court will reverse the issuance of a restraining order if it is not supported by sufficient evidence." *Id.* at 844.

The district court may grant an HRO if "there are reasonable grounds to believe that the respondent has engaged in harassment." Minn. Stat. § 609.748, subd. 5(b)(3) (2022). Harassment includes "repeated incidents of intrusive or unwanted acts, words, or gestures that have a substantial adverse effect or are intended to have a substantial adverse effect on the safety, security, or privacy of another." *Id.*, subd. 1(a)(1) (2022).

Appellant argues that the district court abused its discretion because the evidence was insufficient to issue the HRO against her. The record, however, supports the referee's findings that appellant's camera, which captured respondent's property "on multiple days," amounted to "repeated incidents of intrusive and unwanted acts." The record further supports the finding that appellant's repeated act of recording made respondent feel anxiety. The repetitive act of appellant recording respondent to the point where respondent felt anxiety supports the district court's issuance of the HRO. *See id.*

Appellant also contends that this court should reverse because respondent allegedly lied in her petition seeking the HRO and in her testimony. This court, however, defers to the district court's implicit credibility determinations. *Kush*, 683 N.W.2d at 843-44 (stating

3

that appellate courts defer to the district court's opportunity to judge the credibility of witnesses). In granting the HRO, the district court implicitly found respondent credible. *See Pechovnik v. Pechovnik*, 765 N.W.2d 94, 99 (Minn. App. 2009) (providing that an appellate court may infer credibility findings when they are not explicit and defer to those findings). As such, we defer to the district court's credibility findings here. *Id.*

Since the evidence sufficiently supports the issuance of the HRO, the district court did not abuse its discretion in granting the HRO against appellant.

**II.    The district court properly prohibited appellant from recording respondent.**

Appellant also argues that the district court violated her First Amendment rights by prohibiting appellant from further recording respondent. But this contention is advanced without legal argument or authority. The issue is forfeited unless appellant can establish "prejudicial error" that is "obvious on mere inspection." *Schoepke v. Alexander Smith & Sons Carpet Co.*, 187 N.W.2d 133, 135 (Minn. 1971) (holding that mere alleged errors unsupported by legal authority are forfeited unless error is obvious on mere inspection).

Here, we conclude there is no prejudicial error obvious on mere inspection. The district court's order prohibiting appellant from recording respondent conforms to the protections allowed by the HRO statute. *See* Minn. Stat. § 609.748, subd. 5(a)(1) (2022) (allowing the court to issue a HRO that orders the respondent to "cease or avoid the harassment of another person"). Since the prohibition conforms to the protections authorized in the HRO statute, we need not address the constitutional challenge.

**Affirmed**.

4