*This opinion is nonprecedential except as provided by*
*Minn. R. Civ. App. P. 136.01, subd. 1(c).*

**STATE OF MINNESOTA**
**IN COURT OF APPEALS**
**A25-0672**

Brianna Clerk,
Appellant,

vs.

HCMC Hospital,
Respondent.

**Filed January 5, 2026**
**Affirmed**
**Bratvold, Judge**

Hennepin County District Court
File No. 27-CV-25-6184

Brianna Clerk, Minneapolis, Minnesota (pro se appellant)

Mary F. Moriarty, Hennepin County Attorney, Chase Webber, Assistant County Attorney, Minneapolis, Minnesota (for respondent)

Considered and decided by Bratvold, Presiding Judge; Schmidt, Judge; and Bentley, Judge.

**NONPRECEDENTIAL OPINION**

**BRATVOLD**, Judge

Appellant seeks review of the district court's order denying her fee-waiver application, which, if granted, would allow her to commence a civil action "without payment of fees, costs, and security for costs" as provided in Minn. Stat. § 563.01, subd. 3

(2024). Because the district court determined that appellant's civil action is frivolous and appellant does not challenge the frivolousness determination on appeal, we affirm.

## FACTS

On April 8, 2025, appellant Brianna Clerk filed a handwritten summons and complaint against respondent Hennepin County Medical Center Hospital (hospital). Clerk's complaint stated:

1.   They wrongfully committed me because of a lie told on me.

2.   They wrongfully had me on a high dose [of] medicine that almost took my life. I couldn't walk, move, talk, [or] eat.

3.   They labeled me as something I'm not.

4.   They said I was dangerous [and] tried to paint a false image [of] me. I'll never harm people. I had no clue why I was there.

The complaint asked for relief of "$85.5 million" in damages, as well as "any other relief the court feels is fair and equitable."

That same day, Clerk applied for a fee waiver by filing an affidavit that responded to each inquiry on a form document. Among other things, Clerk's affidavit stated that she has "good reasons for making this request" and receives public assistance.

On April 9, 2025, the district court filed a written order denying Clerk's fee-waiver application. The district court checked a box on a form and stated in its order: "The action is frivolous. The complaint fails to provide any facts to support the allegations."

2

On April 18, 2025, Clerk reapplied for a fee waiver. The district court denied the application that same day, reasoning that the "application was denied on 04/08/2025." Clerk appeals.

**DECISION**

The sole issue before us is whether the district court abused its discretion in denying Clerk's fee-waiver application. A district court "shall allow" a civil action to proceed "without payment of fees, costs, and security for costs" if two requirements are satisfied: (1) the plaintiff is "financially unable to pay" litigation costs and (2) the underlying action "is not of a frivolous nature." Minn. Stat. § 563.01, subd. 3(a)-(b). Appellate courts review the denial of a fee-waiver application for abuse of discretion. *Nelson v. Arroyo Ins. Servs., Inc.*, 23 N.W.3d 415, 418 (Minn. App. 2025).

On appeal, Clerk, who is self-represented, submitted an informal brief—a one-page document arguing that she "can't afford to pay" filing fees in district court. In her brief, Clerk emphasizes that she is "low income," citing that she receives "general assistance" and "food stamps." In response, hospital filed a brief stating that it "does not dispute that [Clerk] is unable to pay the litigation costs." Instead, hospital argues that "the district court appropriately denied [Clerk's] fee waiver application because the action is 'frivolous' and the court set forth an adequate basis for its determination."

In her brief, Clerk does not argue that the district court erred in its determination that her civil action is frivolous. Informal briefs "*shall* contain a concise statement of the party's arguments on appeal." Minn. R. Civ. App. P. 128.01, subd. 1 (emphasis added); *see also* Minn. R. Civ. App. P. 128.02, subd. 1(b) (requiring a "concise statement of the legal

3

issue or issues involved" in appellant's brief), (d) (requiring "the contentions of the party with respect to the issues presented").

Any issues not raised in an appellant's opening brief are generally forfeited. *Hunter v. Anchor Bank, N.A.*, 842 N.W.2d 10, 17 (Minn. App. 2013), *rev. denied* (Minn. Mar. 18, 2014) ("[A]n argument for reversal that is not raised in an appellant's principal brief is forfeited."). Self-represented litigants are "generally held to the same standards as attorneys," although "some accommodations may be made for" them. *Fitzgerald v. Fitzgerald*, 629 N.W.2d 115, 119 (Minn. App. 2001).

In some cases, appellate courts decline to deem an issue forfeited—even when an appellant fails to support the appeal with argument or citation to legal authority—if the appellate court determines that the district court's error is obvious and that there is no prejudice to the respondent. *See Schoepke v. Alexander Smith & Sons Carpet Co.*, 187 N.W.2d 133, 135 (Minn. 1971) (stating that forfeited issues may be reviewed if "prejudicial error is obvious on mere inspection"). For example, in a nonprecedential opinion, *Jemison v. Child Protection Service,* this court considered an appeal from an order denying a fee-waiver application and declined to find forfeiture, even though the appellant's brief did not "mention the fee-waiver denial directly." No. A25-0335, 2025 WL 3265021, at *2-3 (Minn. App. Nov. 24, 2025). This court reasoned that the district court's failure to state a reason for its fee-waiver determination was an obvious error and therefore remanded for findings. *Id*. at *3.

4

But we see no obvious error in the district court's order because it stated a reason for determining that Clerk's action was frivolous.[1] Because Clerk does not argue that the district court's frivolousness determination is erroneous, we conclude that the issue is forfeited on appeal.

Finally, we consider the effect of forfeiting the frivolousness issue. As discussed above, under the relevant statute, a district court shall grant a fee-waiver application if two requirements are satisfied—the applicant is financially "unable to pay the fees" and the action is "not of a frivolous nature." Minn. Stat. § 563.01, subd. 3. Because Clerk's informal brief did not challenge the frivolousness determination on appeal and this determination is a sufficient basis to affirm the district court's order, we affirm the district court's decision to deny Clerk's fee-waiver application. *See Hunter*, 842 N.W.2d at 17 (affirming summary judgment on four counts of a complaint after determining that the appellant forfeited review because its primary brief did not challenge "an independent and sufficient basis for the district court's entry of summary judgment").

**Affirmed.**

---

[1] In *Nelson*, this court remanded an order denying a fee-waiver application when the district court "checked a box" stating that Nelson's complaint was "frivolous" but "did not set forth a basis for that determination." 23 N.W.3d at 418. This court determined that the district court did not explain its reason and no "obvious reason" was apparent. *Id.* Because this court could not "discern a basis for the district court's frivolousness determination from the record on appeal," we concluded that no "meaningful appellate review" was possible and remanded for "findings on Nelson's request." *Id.* at 419. This court "emphasized that a district court need not make extensive findings, but it should set forth a reason for its decision to enable meaningful appellate review." *Id.*