*This opinion is nonprecedential except as provided by Minn. R. Civ. App. P. 136.01, subd. 1(c).*

**STATE OF MINNESOTA**
**IN COURT OF APPEALS**
**A25-0628**

In Re the Custody of: A. A. S.,

Karryn Colleen Schwab, petitioner,
Respondent,

vs.

Ryan George Schenck,
Appellant,

County of Clay,
Intervenor.

**Filed March 9, 2026**
**Affirmed**
**Smith, Tracy M., Judge**

Clay County District Court
File No. 14-FA-18-4764

Darla M. Nubson, Nubson Law Office, PLLC, Grand Rapids, Minnesota (for respondent mother)

Ryan George Schenk, Barnesville, Minnesota (self-represented appellant father)

Angela J. S. Sonsalla, Perham, Minnesota (for guardian ad litem Randi Resler)

Considered and decided by Harris, Presiding Judge; Smith, Tracy M., Judge; and Segal, Judge.[*]

---

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

**SMITH, TRACY M.**, Judge

Appellant father Ryan Schenck argues that, in modifying his parenting time to less and only supervised parenting time, the district court abused its discretion by (a) failing to consider and give adequate weight to certain evidence; (b) failing to give proper weight to certain best-interest factors, especially the child's preference; and (c) failing to recognize that certain evidence lacked credibility. He also argues that the district court violated his due-process rights by requiring him to communicate with respondent/cross-appellant mother Karryn Schwab via the Our Family Wizard program and failed to afford him a fair hearing. By notice of related appeal, mother argues that the district court abused its discretion by misapplying Minnesota Statutes sections 518.175, 518.179, and 518.18 (2024) in granting father any parenting time. We affirm.

## FACTS

Mother and father were never married but had a relationship that resulted in the birth of one child, in 2018. In 2019, the district court entered a judgment based on the parties' stipulations regarding custody, parenting time, and child support. Mother received sole legal and sole physical custody of the child, subject to father's graduated parenting-time schedule.

In March 2023, mother filed a motion to modify parenting time. At the time of mother's motion, father's parenting time consisted of two unsupervised weekends per month with eight additional overnights throughout the year. Mother sought a temporary modification of father's parenting time to supervised visits, an order requiring father to

2

disclose information on his mental-health treatment, and an evidentiary hearing to permanently modify father's parenting time "in the best interests of the child." Following a preliminary evidentiary hearing, the district court filed an order temporarily changing father's parenting time to weekly supervised visits and setting an evidentiary hearing. The district court also filed orders shifting the burden for the motion to father to prove that continued parenting time was in the child's best interests given his 2020 conviction of third-degree assault against a domestic partner. *See* Minn. Stat. §§ 631.52 (2024) (outlining effect of criminal convictions on custody and parenting time); 518.179 (same).

After the evidentiary hearing, the district court filed an order for a second[1] amended judgment (the order) granting mother's motion to modify parenting time. It found that father had not met his burden to show that unsupervised parenting time was in the child's best interests and amended the custody judgment to grant father only supervised visits and weekly calls.

Father appeals, and mother cross-appeals.

## DECISION

Both parties argue that the district court abused its discretion in modifying father's parenting time—father contends that his unsupervised parenting time should have continued, and mother argues that father should not have received any parenting time. Father also argues that his due process rights were violated and that he was denied a fair hearing. We address the parties' arguments in turn.

---

[1] The first amended judgment was filed in January 2021 and approved the parties' stipulation to mother's relocation to Bemidji.

**I.     The district court did not abuse its discretion by modifying father's parenting time to supervised visits and weekly calls.**

The parties argue that the district court abused its discretion by modifying father's parenting time to supervised visits and weekly calls with the child.

"The trial court has broad discretion to determine what is in the best interests of the child in the area of visitation and its determination will not be overturned absent an abuse of discretion." *Olson v. Olson*, 534 N.W.2d 547, 550 (Minn. 1995). "A district court abuses its discretion by making findings that are unsupported by the evidence, misapplying the law, or delivering a decision that is against logic and the facts on record." *Woolsey v. Woolsey*, 975 N.W.2d 502, 506 (Minn. 2022) (quotation omitted). There is "scant if any room for an appellate court to question the trial court's balancing of best-interests considerations." *Vangsness v. Vangsness*, 607 N.W.2d 468, 477 (Minn. App. 2000). Appellate courts must defer to a district court's credibility determinations, *id.*, and cannot reweigh the evidence, reconcile conflicting evidence, or engage in new fact-finding, *In re Commitment of Kenney*, 963 N.W.2d 214, 221-22 (Minn. 2021). In reviewing the findings, appellate courts must view the evidence in a light favorable to the findings. *Id.* at 221.

The district court must modify an order granting parenting time "[i]f modification would serve the best interests of the child" and "would not change the child's primary residence." Minn. Stat. § 518.175, subd. 5(b). Several enumerated "best interests" factors are laid out in Minnesota Statutes section 518.17, subdivision 1(a) (2024). With an exception not relevant here, a district court may not restrict parenting time unless it finds that (1) "parenting time is likely to endanger the child's physical or emotional health or

impair the child's emotional development" or (2) "the parent has chronically and unreasonably failed to comply with court-ordered parenting time." Minn. Stat. § 518.175, subd. 5(c).

**A.     Contrary to father's argument, the district court did not abuse its discretion by restricting father's parenting time to supervised visits and weekly calls.**

Father argues that the district court abused its discretion by restricting his parenting time to supervised time and weekly calls and not reinstating his unsupervised time. He makes three arguments to this end.

First, father argues that the district court "made findings unsupported by the record" because it "dismissed medical documentation and evaluations provided by [father] without sufficient findings." Father introduced 13 exhibits at the hearing but does not specify which documents were allegedly "dismissed . . . without sufficient findings." Although he is self-represented in this appeal, father still must support his assertion of error with argument and authorities. An assertion of error not supported by argument or authorities is forfeited and will not be considered "unless prejudicial error is obvious on mere inspection." *See Schoepke v. Alexander Smith & Sons Carpet Co.*, 187 N.W.2d 133, 135 (Minn. 1971); *see also Fitzgerald v. Fitzgerald*, 629 N.W.2d 115, 119 (Minn. App. 2001) (holding pro se parties to generally the same standard as attorneys). We see no error here. The district court rejected only one of father's exhibits, determining that it was a duplicate of another exhibit already entered by mother. Moreover, the district court relied on father's psychological evaluation and the guardian ad litem's report to make its findings of fact regarding father's chemical and mental health. This evidence supports the district court's findings, and we

cannot reweigh the evidence. *See Kenney*, 963 N.W.2d at 221. Thus, this argument does not show that the district court abused its discretion in addressing father's parenting time.

Second, father argues that the district court misapplied the best-interest factors. Specifically, he claims error because the district court "failed entirely to evaluate the child's preference." One factor to be considered in the best-interests balancing test is

> the reasonable preference of the child, if the court deems the child to be of sufficient ability, age, and maturity to express an independent, reliable preference.

Minn. Stat. § 518.17, subd. 1(a)(3). The statute expressly directs the court to decide whether the child can "express an independent, reliable preference." *Id.* Here, the district court determined that the child, who was six years old at the time, was "not of sufficient age to have a reliable, mature, or reasonable preference." Father asserts no error in this finding.

Father also argues that the district court ignored his "clear improvement and compliance" with mental-health and substance-abuse treatment programs. In the order, the district court acknowledged father's representations regarding his sobriety and the signs of progress with his mental health, "commend[ing]" him on his cooperation with the psychological evaluation and the guardian ad litem. However, it found contradictory evidence and testimony more credible and persuasive. We must defer to this determination. *See Vangness*, 607 N.W.2d at 472.

Finally, father asserts error in the district court's reliance on biased and uncredible testimony. He argues that several witnesses at the hearing were biased and gave testimony

that was shown to be false. Again, findings based on conflicting testimony involve credibility determinations to which this court must defer. *Id*.

Father has not shown that the district court made findings unsupported by the record or improperly applied the law. Nor has father otherwise shown that the district court resolved the question of his parenting time in a manner that is contrary to logic and the facts on record.

**B.      Contrary to mother's argument, the district court did not abuse its discretion by granting father parenting time.**

Mother argues that the district court abused its discretion by granting father any parenting time because the district court misapplied Minnesota Statutes sections 518.175, 518.179, and 518.18.

The burden of proving whether parenting time is justified may shift to a parent with a qualifying criminal conviction under section 518.179:

> Notwithstanding any contrary provision in section 518.17 or 518.175, if a person seeking child custody or parenting time has been convicted of a crime described in subdivision 2, the person seeking custody or parenting time has the burden to prove that custody or parenting time by that person is in the best interests of the child if:
>   (1) the conviction occurred within the preceding five years;
>   . . . .
>   (3) the victim of the crime was a family or household member as defined in section 518B.01, subdivision 2.
>
> If this section applies, the court may not grant custody or parenting time to the person unless it finds that the custody or parenting time is in the best interests of the child. If the victim of the crime was a family or household member, the standard of proof is clear and convincing evidence.

7

Minn. Stat. § 518.179, subd. 1. "Family or household members" are defined to include:

> (4)  persons who are presently residing together or who have resided together in the past;
> . . . .
> (7)  persons involved in a significant romantic or sexual relationship.

Minn. Stat. § 518B.01, subd. 2(b)(4), (7) (Supp. 2025).

Here, prior to the evidentiary hearing, the district court took judicial notice of father's 2020 conviction for third-degree assault and concluded that the conviction was a qualifying crime under section 518.179.[2] It therefore shifted the burden for the motion to father. The district court also concluded that the victim of the assault was a "family or household member," elevating the standard of proof to clear and convincing evidence. These conclusions were repeated on the record during the evidentiary hearing. Neither party challenges these conclusions on appeal.

In the order granting mother's motion, the district court once again cited section 518.179 and noted father's prior conviction for third-degree assault as a qualifying crime. It then reiterated father's standard of proof, stating generally that it had not been met. The district court noted father's significant mental- and chemical-health issues that impact his ability to care for the child and his acts of harassment and domestic abuse that endanger the child. Next, the district court evaluated best-interest factors that are listed in section 518.17, subdivision 1(a), determining that nine factors favored modification and two were

[2] The district court first made these conclusions under the counterpart criminal statute, Minnesota Statutes section 631.52. It later determined that section 518.179 is the "equivalent family law statute in form and content" and therefore applied the family-law statute.

neutral. The district court also made a finding of "endangerment" as required to restrict parenting time under section 518.175, subdivision 5(c). Finally, it concluded that father had failed to meet his burden for unsupervised time but that supervised parenting time was in the child's best interests. Mother makes three arguments as to why the district court abused its discretion.

First, mother argues that the district court erred by granting father supervised visits and phone calls after stating that father "did not meet his burden." Under section 518.179, if father did not meet his burden to show that the parenting time at issue was in the child's best interests, the district court was prohibited from awarding him that time. Minn. Stat. § 518.179, subd. 1. Mother relies on the following portion of the order for support for her argument that the district court found that father failed to meet his burden and that he thus could not receive any parenting time:

> [Father] must prove, by clear and convincing evidence, that his parenting time serves [the child's] best interests. [Father] did not meet his burden.

But mother's argument asks us to read that one statement in isolation.

"[O]n appeal error is never presumed. It must be made to appear affirmatively before there can be reversal." *Waters v. Fiebelkorn*, 13 N.W.2d 461, 464-65 (Minn. 1944). Reading the order as whole, it is clear the district court only meant that father had not met his burden *with regard to his previous award of unsupervised time*. Section 518.179's bar on a parenting-time award is not all or nothing—a parent could show that one parenting-time award is in the child's best interests while another is not. The district court here determined that, while unsupervised time was not in the child's best interests, neither was

9

mother's proposal to cancel all parenting time. Rather, the district court stated that "[i]t is in [the child's] best interests to spend quality time with both parents." The district court concluded:

> [The child's] best interests are served by restricting [father's] parenting time to a supervised setting. [Father] has not demonstrated, by clear and convincing evidence, that unsupervised parenting time is best for [the child].

The district court thus determined that father failed to meet his burden to establish that *unsupervised* parenting time was in the child's best interests but succeeded in showing that *supervised* time was. Because father met his burden, at least in part, the district court did not misapply section 518.179 by awarding him supervised parenting time.

Second, and relatedly, mother argues that the district court erred by applying section 518.175 because section 518.179 controls.[3] Statutory application is a question of law that is reviewed de novo. *Cocchiarella v. Driggs*, 884 N.W.2d 621, 624 (Minn. 2016).

Section 518.175, subdivision 5, governs the modification of an order granting parenting time. The district court applied section 518.179 based on father's conviction for assault against a family or household member. Mother points out that section 518.175, subdivision 5, generally employs a preponderance-of-the-evidence standard on the party seeking modification whereas section 518.179 imposes a clear-and-convincing evidence standard with the burden on the person with the conviction. Mother contends that only section 518.179 applies in this case and that the district court, by citing section 518.175,

---

[3] Mother also argues that the district court erroneously applied Minnesota Statutes section 518.18, but we do not see reference to that statute in the district court's order.

subdivision 5, when granting (in part) mother's motion, must have applied the wrong standard of proof (preponderance of the evidence) and improperly shifted the burden to her. The argument is unconvincing.

Section 518.179, subdivision 1, states that, "[n]otwithstanding any contrary provision in section 518.17 or 518.175," the provisions of section 518.179 apply to a person seeking parenting time who has been convicted of an applicable crime. Thus, when section 518.179 applies, it controls over contrary provisions in those other statutes. Mother contends that the district court did not follow this rule. But mother has not pointed to any instance during the proceedings in which the district court mentioned the preponderance-of-the-evidence standard or purported to impose a burden on her. To the contrary, the district court repeatedly stated that the standard of proof was "clear and convincing" evidence and placed that burden on father throughout the prehearing motion practice, on the record during the hearing, and again in the order. The fact that the district court modified custody pursuant to mother's motion under section 518.175, subdivision 5, after analyzing the best-interest factors in section 518.17, says nothing about the standard of proof or the burden that the district court considered. The district court thus did not err by applying the wrong standard of proof or shifting the burden to mother.

Because it did not make findings unsupported by the evidence, improperly apply the law, or make a decision that is contrary to logic and the facts on record, the district court did not abuse its discretion by modifying parenting time.

**II.     Father has not shown that his due process rights were violated.**

Father argues that the order to communicate with mother through a third-party service (Our Family Wizard) "amounts to coercion and forced surveillance" and "raises serious due process concerns."

Father does not elaborate on this claim and cites no legal authority. The argument is therefore forfeited, and, because we see no prejudicial error upon our inspection, we do not consider it further. *See Schoepke*, 187 N.W.2d at 135. Furthermore, father agreed to the use of the third-party service in the original stipulated judgments from 2019 and 2021. The order here merely continues that prior provision.

**III.    Father has not shown that he was denied a fair hearing.**

Father argues that he was "denied a fair hearing" because of "misconduct and procedural irregularities" by opposing counsel, mother, other witnesses, and the district court.

Father asserts that opposing counsel "failed to disclose all communications," "referenced [father's] ethics complaints during proceedings," and "failed to serve [father] with all exhibits prior to the hearing." He also argues that mother engaged in "emotional manipulation" and that mother and other witnesses made "damaging, unproven claims" and testified to "falsehoods." Finally, he argues that the district court erred by not responding to these issues. But once again, father provides no citations to the record or authorities, so his arguments are forfeited and we see no prejudicial error on our inspection. *See id.*

Father's argument could be construed to arise under Minnesota Rule of Civil Procedure 59.01, which provides for a new trial in the event of "[m]isconduct of the jury or prevailing party" or "[i]rregularity in the proceedings of the court, referee, jury, or prevailing party, or any order or abuse of discretion, whereby the moving party was deprived of a fair trial." Minn. R. Civ. P. 59.01(a), (b). But father did not bring such a motion to the district court. And we observe that district courts have "wide discretion to issue discovery orders," which are reviewed for abuse of discretion. *Shetka v. Kueppers, Kueppers, Von Feldt & Salmen*, 454 N.W.2d 916, 921 (Minn. 1990). Each of father's arguments address discovery and credibility issues that fall within the district court's discretion. He has failed to show any findings that are unsupported by the record or any improper applications of the law.

**Affirmed.**